**Marguerite EADES, Plaintiff-Appellant,**

v.

**Donald J. STERLINSKE, Bradley W. Huff and Julie Ewald, Defendants-Appellees.**

**No. 86–1884.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 29, 1986.

Decided Jan. 30, 1987.

Steven J. Schooler, Brynelson, Herrick, Bucaida, Dorschel & Armstrong, Madison, Wis., for plaintiff-appellant.

William G. Thiel, Jordan, Herrell & Thiel, Eau Claire, Wis., and James H. McDermott, Asst. Atty. Gen., Wis. Dept. of Justice, Madison, Wis., for defendants-appellees.

Before BAUER, Chief Judge, and CUMMINGS and POSNER, Circuit Judges.

BAUER, Chief Judge.

The primary question presented in this appeal is whether the doctrine of judicial immunity shields a state court judge from liability for damages for alleged deprivation of plaintiff's constitutional rights to post-conviction relief and effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments. Additionally, we consider whether the judge's clerk and court reporter are shielded from liability for damages arising out of their participation in an alleged scheme to alter the trial record. The district court granted defendants' motion to dismiss on the basis of absolute judicial immunity which we now affirm.

I.

Plaintiff, Marguerite Eades, was the defendant in a criminal action pending before Judge Donald Sterlinske in the Circuit Court of Rusk County, Wisconsin. Eades was convicted of two counts of welfare fraud. Defendant Bradley Huff was the court reporter for the criminal proceedings. Defendant Julie Ewald was the judge's clerk.

After the trial, plaintiff retained different counsel. Eades' new attorney requested a trial transcript to file post-conviction motions. After the request for a transcript was made, Judge Sterlinske allegedly dictated a false certificate to Huff misrepresenting the occurrence of an instruction and special-verdict conference which was never held. Additionally, Sterlinske allegedly caused Huff to alter the trial tran-

script and caused Ewald to alter the docket sheet record to indicate that the false certificate was filed. Plaintiff also alleges that Judge Sterlinske wrote a letter to the Parole Board of the State of Wisconsin for the purpose of disuading it from granting Eades parole. Eades was unaware of Judge Sterlinske's actions until she received a letter from the Judicial Commission for the State of Wisconsin indicating that disciplinary proceedings had been commenced against Judge Sterlinske.

Plaintiff brought an action for damages against Judge Sterlinske, Bradley Huff, and Julie Ewald alleging deprivation of her Sixth and Fourteenth Amendment rights. The district court granted defendants' motions to dismiss on the basis of absolute judicial immunity and this appeal followed.

## II.

Plaintiff argues that Judge Sterlinske caused defendants Huff and Ewald to alter the transcript and the record. Plaintiff argues that these actions do not constitute judicial acts and that therefore the district court's dismissal on grounds of absolute judicial immunity was erroneous and should be reversed. In deciding whether the district court correctly ruled in Judge Sterlinske's favor, we must first consider the general principles underlying the immunity defense.

The Supreme Court first articulated the current doctrine in *Bradley v. Fisher*, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1872), holding that in order to safeguard principled and independent decision-making, a judge may not be held to answer in civil damages for those judicial acts committed in the exercise of his jurisdiction. *See also Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The defense does not simply shield judges from civil liability, but

also from the related trial proceedings. *Mitchell v. Forsyth*, 469 U.S. 929, 105 S.Ct. 322, 83 L.Ed.2d 259 (1985). It will not, however, protect a judge from injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984), or from criminal prosecution, see *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). Judicial immunity is a creature solely of the common law.[1] However, although it had the constitutional authority to do so, Congress did not abrogate the defense in enacting § 1 of the Civil Rights Act of 1871, now codified at 42 U.S.C. § 1983. *See Pierson*, 386 U.S. at 554–55, 87 S.Ct. at 1217–18.

The Supreme Court in *Bradley* identified five considerations in support of judicial immunity. First, a judge must be free to make decisions without fear of personal consequences. Second, because litigation necessarily involves controversy and competing interests, losing parties may be quick to ascribe malevolent motives to a judge. Third, a qualified "good faith" immunity would be virtually worthless because of the ease of alleging bad faith. Fourth, the prospect of defending civil damage actions would force judges to employ otherwise unnecessary meticulous recordkeeping and would render judges less inclined to rule forthrightly. Finally, other safeguards, such as appeal and impeachment reduce the need for private rights of action for damages against judges. *See Bradley*, 80 U.S. 13 Wall. at 347–54.

We turn now to the facts of this case. The plaintiff argues that defendants violated her constitutional rights to have post-verdict motions heard upon a transcript and record not fraudulently altered. The critical inquiry is whether Judge Sterlinske's actions were judicial acts and thus shield him from liability for damages. The Supreme Court in *Stump* developed a two-part test to determine whether a judicial act was at issue: first, whether the conduct

---

**1.** Thus, judicial immunity differs from the immunity afforded members of Congress, as the latter is guaranteed by the Speech or Debate Clause of Art. I, § 6 of the Constitution. *See Doe v. McMillan,* 412 U.S. 306, 93 S.Ct. 2018, 36 L.Ed.2d 912 (1973). In addition, judicial immunity affords less protection than legislative immunity under the Speech or Debate Clause. *See Dennis v. Sparks,* 449 U.S. 24, 30, 101 S.Ct. 183, 187, 66 L.Ed.2d 185 (1980).

in question is the kind normally performed by a judge; second, whether the plaintiff was dealing with the judge in his judicial capacity. The answer to the first prong is already established. Judge Sterlinske presided over the plaintiff's criminal trial and post-trial proceedings and thus was performing the normal duties of a judge. Second, by virtue of her status as a defendant in criminal proceedings, Eades' relationship to the judicial system makes immunity appropriate in light of the concerns expressed in *Bradley. Forrester v. White*, 792 F.2d 647 (1986). The plaintiff was dealing with the judge in an official capacity since the acts involved post-trial proceedings. Assuming, *arguendo*, that the allegations of the complaint are true, Judge Sterlinske's actions are still judicial acts based upon the rationale set forth in *Stump*. "This immunity applies even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Pierson*, 386 U.S. at 554, 87 S.Ct. at 1218. We therefore hold that Judge Sterlinske's conduct, albeit reprehensible, is cloaked with absolute judicial immunity.

### III.

Eades argues that defendants Huff and Ewald are not shielded from liability for damages under the doctrine of judicial immunity. Plaintiff's reliance on our decision in *Lowe v. Letsinger*, 772 F.2d 308 (1985) is misplaced. In *Lowe* we said that a court clerk enjoys absolute immunity where he is performing nonroutine, discretionary acts akin to those performed by judges. There we said that the clerk of the court was not entitled to quasi-judicial immunity for allegedly concealing the entry of an order. The duty to type and send notice after entry of judgment, the facts in *Lowe*, is a non-discretionary, ministerial task. Here, defendants Ewald and Huff prepared and filed a false certificate summarizing an instruction conference that allegedly was never held, and altered the docket to reflect that falsity. In so doing, defendants Huff and Ewald breached their duties, and in that process exercised discretion. As such, their duties had an integral relationship with the judicial process and

are cloaked by the traditional doctrine of judicial immunity. *Dieu v. Norton*, 411 F.2d 761, 763 (1969) (court reporter and court clerk, acting in discharge of their official duties, were protected by doctrine of judicial immunity); *Briscoe v. La Hue*, 663 F.2d 713 (1981) (court reporters at criminal proceedings were immune from liability under doctrine of judicial immunity); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir.1986) (court clerks entitled to judicial immunity if their official duties have an integral relationship with the judicial process).

For the foregoing reasons, the judgment of the district court is

AFFIRMED.