**Daniel LOS, Plaintiff,**

v.

**Laura WARDELL, et al., Defendants.**

**No. 88–3105.**

United States District Court,
C.D. Illinois,
Springfield Division.

Aug. 15, 1991.

Daniel Los, pro se.

Michael R. Cornyn, Thomas Mamer & Haughey, Champaign, Ill., Margaret M. Rawles, Asst. State's Atty., Urbana, Ill., and Randy E. Blue, Asst. Atty. Gen., Springfield, Ill., for defendants.

## OPINION

RICHARD MILLS, District Judge:

This case is a model for abuse of the judicial process.

Daniel Los brought this civil rights action against twenty-six named and unnamed Defendants—including various law enforcement officials, state's attorneys, a judge, and University of Illinois faculty members.

He claims that the Defendants violated his constitutional rights by expelling him from law school, by denying him access to University of Illinois property, by depriving him of his liberty without due process, and by refusing him medical care.

## BACKGROUND

Over three years have elapsed since this suit was filed, yet the underlying facts still remain somewhat nebulous. The court gleans the following basic facts from Plaintiff's second amended complaint, his related *habeas* action, and from other pleadings:

As a result of several unspecified problems which arose in late 1985 and early 1986, Los was expelled from the University of Illinois College of Law on or about March 27, 1986. (Apparently, he had developed an obsessive infatuation with a law school classmate toward whom he made unwelcome advances.) On April 4, 1986, Plaintiff was arrested and charged with the offenses of Battery and Criminal Trespass to State Supported Land. He was accused of having entered the law school after being forbidden to do so; he was also accused of having choked a university worker.

The Plaintiff appeared before Defendant Jeffrey B. Ford, an Illinois associate circuit

judge, in *People of the State of Illinois v. Los*, Champaign County, Case No. 86–CM–569. Judge Ford released the plaintiff on bail, but warned him that he could be held in contempt of court should he return to the College of Law in violation of his bail. The Plaintiff eventually pled guilty to battery and was sentenced to one year of probation. He applied for post-conviction relief in the state appellate courts, but was denied leave to file a late appeal.

On July 8, 1987, Los filed a petition for a writ of *habeas corpus* in the Danville Division of the Central District of Illinois, claiming that his guilty plea had not been voluntary. He also argued prosecutorial misconduct. The court (Chief U.S. District Judge Harold A. Baker) denied the petition; the court of appeals affirmed the district court.

In March, 1988, Plaintiff commenced the instant civil rights action, seeking leave to proceed *in forma pauperis* on his claims. By order of October 6, 1988, this Court conducted a merit review of Plaintiff's claims, *see Wartman v. Branch 7, Civil Division, County Court, Milwaukee County, State of Wisconsin,* 510 F.2d 130, 134 (7th Cir.1975), and found the complaint factually deficient. However, the Court allowed Plaintiff the opportunity to submit a more definite and certain statement of his claims. In response, the Plaintiff filed motions for rehearing and to vacate "judgment," which the Court denied.

Plaintiff Los eventually submitted an amended complaint. Unfortunately, the amended complaint was nearly identical to the original pleading, consisting essentially of unsupported legal assertions of constitutional violations. The Court again found the complaint factually insufficient to state an arguable claim under 42 U.S.C. § 1983, but again granted the Plaintiff leave to file a more definite and complete factual statement of his claims.

On August 28, 1989, Plaintiff submitted a maundering second amended complaint. However, before the Court could review the merit of the amended pleading pursuant to 28 U.S.C. § 1915, the Plaintiff paid the statutory filing fee. Consequently, the Court filed the complaint and entered a scheduling order; the petition for leave to proceed *in forma pauperis* was denied as moot. Plaintiff filed an interlocutory appeal regarding the denial of pauper status. (He has also filed multiple motions for reconsideration of virtually every adverse ruling.)

On December 4, 1990, upon motion, the Court entered judgment in favor of the State's Attorney defendants. Plaintiff's appeal has now been dismissed,[1] and the matter is again before this court for consideration of the remaining Defendants' motions to dismiss the complaint. For the reasons stated in this order, the motions will be allowed.

 It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972). *See also Tarkowski v. Robert Bartlett Realty Company,* 644 F.2d 1204 (7th Cir.1980). They can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines,* 404 U.S. at 521, 92 S.Ct. at 596. When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true. *See LaSalle National Bank of Chicago v. County of DuPage,* 777 F.2d 377, 379 (7th Cir.1985), *cert. denied,* 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 979 (1986). Dismissal should be sparingly used whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski,* 644 F.2d at 1207, *quoting Littleton v. Berbling,* 468 F.2d 389 (7th Cir.1972).

---

1. In fact, the Court of Appeals appeared to construe this court's denial of leave to proceed *in forma pauperis* as case-dispositive. In its man-
date, the Court of Appeals stated that it was summarily affirming the "final order" of the district court.

## JUDGE FORD

■ Judge Ford moves for dismissal for lack of jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1); the Plaintiff has not responded to the motion, which will be allowed. The propriety of Judge Ford's order is not properly before this Court. The Plaintiff appears to contend that Judge Ford's injunction banning him from University property deprived Plaintiff of his right of access to the courts, or of some liberty interest. If the Plaintiff wished to challenge Judge Ford's disposition of the case, then he could have appealed the order. This Court has no jurisdiction to review the Plaintiff's doubtful claims.

■ Judge Ford is also absolutely immune from damages for his actions. The Supreme Court has repeatedly held that a judge may not be held to answer in civil damages for those judicial acts committed in the exercise of his judicial capacity. *Forrester v. White*, 484 U.S. 219, 228, 108 S.Ct. 538, 544–45, 98 L.Ed.2d 555 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362–63, 98 S.Ct. 1099, 1108, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stamp*, 435 U.S. at 356–57, 98 S.Ct. at 1105.

In the case at bench, Judge Ford was acting in his official capacity as a state judge. The Defendant's actions, furthermore, stem directly from the Plaintiff's status as a criminal defendant in the judge's courtroom. Accordingly, *see Eades v. Sterlinske*, 810 F.2d 723, 725–26 (7th Cir. 1987), *cert. denied*, 484 U.S. 847, 108 S.Ct. 143, 98 L.Ed.2d 99 (1987), Ford is entitled to absolute immunity. The complaint is dismissed as to Ford.

## SHERIFF BROWN

■ The complaint also fails to state a colorable claim against Defendant Brown, the Champaign County Sheriff. Plaintiff provides no factual basis for his conclusory assertion that Sheriff Brown has an "official policy" of denying medication to pretrial detainees. Additionally, he has not indicated that he made requests for medical attention to Sheriff Brown personally. The Sheriff cannot be held liable for the actions of his subordinates, as the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Wolf–Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983); *Adams v. Pate*, 445 F.2d 105 (7th Cir.1971).

In fact, Plaintiff has stated neither that he had a serious medical need, nor that he was injured by the denial of care. *See Burns v. Head Jailor of LaSalle County Jail*, 576 F.Supp. 618, 620 (N.D.Ill.1984). Because Plaintiff has failed to state any facts tending to show that Sheriff Brown was personally involved in the alleged deliberate indifference to the Plaintiff's serious medical needs, the second amended complaint must be dismissed as to Sheriff Brown.

## UNIVERSITY DEFENDANTS

■ The University Defendants' motion to dismiss must also be granted. To the extent that the Defendants seek dismissal on the basis of laches, however, their motion will be denied. It is true that the complaint was not filed until September 5, 1989, due to numerous delays on the part of Plaintiff, who is trained in the law. Additionally, the Defendants were not served until late July, 1990. Notwithstanding Plaintiff's subsequent delays, however, the Court deems this action as commenced on March 25, 1988, when Plaintiff filed his petition for leave to proceed *in forma pauperis*. The action was filed just within two years of the events alleged in the complaint. This lawsuit is not barred by the statute of limitations.

■ The complaint nevertheless fails to state a claim against the University Defendants as a matter of law. Reviewing the clouded and rambling second amended complaint paragraph by paragraph (as it pertains to the University Defendants), the Court concludes that none of the Plaintiff's counts raises a colorable cause of action

under 42 U.S.C. § 1983. Again, like all of the Plaintiff's claims, the facts surrounding the expulsion hearing remain murky. The Court will not concoct a cause of action for the Plaintiff; in the three years this suit has been pending, Plaintiff Los has had ample opportunity to articulate the specific alleged violations.

Due process in the academic setting requires some formal procedures before a student may be disciplined. *Goss v. Lopez*, 419 U.S. 565, 584, 95 S.Ct. 729, 741, 42 L.Ed.2d 725 (1975) (context of school suspension cases). The minimum requirements established for school expulsions in *Goss* are "oral and written notice of the charges against [the student] and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story." *Goss*, 419 U.S. at 581, 95 S.Ct. at 740; *see also*, *Newsome v. Batavia Local School Dist.*, 842 F.2d 920, 927 (6th Cir.1988). However, due process may be satisfied by something less than a trial-type hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977).

In Paragraph 4, Plaintiff alleges that his expulsion was based on an unidentified false statement by another student. Los contends that each of the Defendants either "voted for or failed to veto expulsion;" in addition, he claims that the Defendants failed to discipline the student or students who gave false information. The use of purportedly false information in the administrative proceedings, however, is not actionable. While the knowing use of perjured testimony would have violated due process, *see U.S. v. Agurs*, 427 U.S. 97, 103 and nn. 8, 9, 96 S.Ct. 2392, 2397 and nn. 8, 9, 49 L.Ed.2d 342 (1976) (criminal context), here the Plaintiff makes no allegation that the Defendants knew the testimony to be false. In fact, Plaintiff pled guilty to criminal charges. (*See Los v. D.P. Weatherford, et al.*, Danville Case No. 87–2358). *See also Hanrahan v. Lane*, 747 F.2d 1137 (7th Cir.1984) (in prison disciplinary proceedings allegations of false charges do not state a claim where due process is afford-

ed). Plaintiff's vague claim that false evidence was used against him does not state a claim.

In Paragraph 5, he makes the same claim against the University's vice-chancellor and against two University doctors. Plaintiff further claims that no hearing was held before or after expulsion. This assertion contradicts Plaintiff's claims regarding deficiencies in the expulsion proceedings: apparently some hearing took place during which Defendants considered allegedly false testimony. In any case, Plaintiff does not state that he requested and was denied a hearing, or that he had no opportunity for a hearing.

Furthermore, due process does not require elaborate pre-deprivation procedures in all cases, *see*, *e.g.*, *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542–45, 105 S.Ct. 1487, 1493–95, 84 L.Ed.2d 494 (1985); *Barry v. Barchi*, 443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979), particularly where, as here, the deprivation is based on important State needs. "The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation." *Cafeteria Workers v. McElroy*, 367 U.S. 886, 895, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230 (1961). Here, the Plaintiff's criminal record (attached to the States' Attorneys' Motion for Summary Judgment) indicates that Plaintiff Los threatened suicide and attempted to strangle Defendant Wardell on March 17, 1987. Additionally, the Court has gleaned that the Plaintiff harassed and later physically assaulted a classmate. Ample cause for immediate expulsion of the Plaintiff, an apparently violent and disturbed individual, existed.

In Paragraphs 6 and 7, Los asserts that the Defendants and University police officers have denied the Plaintiff "lawful right of access to any University property anywhere in the state." As discussed *supra*, however, if the Plaintiff wished to challenge Judge Ford's injunction barring the Plaintiff from entry on University property (presumably the law school), he must seek review of that matter in state court. It also appears quite reasonable that police

were summoned when Plaintiff attempted to conduct a Bar Journal editorial meeting in a parking lot. In any case, employees of the university cannot be held liable for police officers' allegedly unconstitutional arrests.

The remaining counts of the complaint which pertain to the University Defendants are all state tort claims: intentional infliction of emotional distress, unlawful restraint, and battery. In light of the dismissal of Plaintiff's federal claims, the state tort claims will be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Freedom From Religion Foundation, Inc. v. Zeilke*, 845 F.2d 1463, 1471 n. 4 (7th Cir.1988).

## CONCLUSION

In sum, this case has followed a three-year, tortuous and meandering path to nowhere. The vague and conclusory second amended complaint raises many previously litigated issues and fails to state a cause of action against any of the Defendants. Judge Ford is absolutely immune from damages for his judicial actions; Plaintiff must seek appellate review if he wishes to challenge Ford's rulings. Los has also stated insufficient facts to support a cause of action against Sheriff Brown. Finally, the second amended complaint fails to state a colorable claim under 42 U.S.C. § 1983 against University of Illinois faculty members. Although Plaintiff was allowed several opportunities to amend his complaint and to respond to Defendants' motions for dismissal, he has never provided facts from which the Court could infer that any constitutional violation took place.

*Ergo*, it is therefore ordered that Judge Ford's motion to dismiss is ALLOWED; on the Court's own motion, the complaint is DISMISSED as to Sheriff Brown; and the University Defendants' motion to dismiss is ALLOWED.

Because this order effectively disposes of all remaining claims, the complaint is dismissed in its entirety.

Cause stricken and case dismissed.

The parties are to bear their own costs. Case CLOSED.