Dennis Norman BEARCE, Sr., Plaintiff,

v.

Judge Robert KENNEDY, Defendant.

No. 96–C–325.

United States District Court, E.D. Wisconsin.

Nov. 19, 1996.

Dennis Norman Bearce, Winnebago, WI, Pro Se.

Charles D. Hoornstra, Assistant Attorney General, Madison, WI, for Defendant.

## ORDER

REYNOLDS, District Judge.

The plaintiff, who is proceeding **pro se,** filed a civil rights complaint, under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed **in forma pauperis.**

28 U.S.C. § 1915(e)(2), provides that: "Notwithstanding any filing fee, or any portion thereof that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1732–33, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory, or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1832–33.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See, Hishon v. King and Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984), *citing Conley v. Gibson*, 355 U.S. 41,

45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Building Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969).

■ To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) That he was deprived of a right secured by the constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under power of state law. *Gomez v. Toledo*, 446 U.S. 635–40, 100 S.Ct. 1920, 1921–24, 64 L.Ed.2d 572 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See, Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

■ Liberally construed, the plaintiff is seeking damages against Walworth County Circuit Judge Robert Kennedy, arising out of Judge Kennedy's having sentenced the plaintiff under the State of Wisconsin "Violent Sexual Predators' Law." (Plaintiff's Statement of Claim). According to the plaintiff's complaint, liberally construed, the plaintiff alleges that the sentence imposed by Judge Kennedy was discriminatory and that the plaintiff received a sentence significantly different and more severe than that imposed on another defendant who appeared before Judge Kennedy on similar charges.

The plaintiff's claim against Judge Kennedy should not be allowed to proceed any further. This is because the doctrine of judicial immunity insulates Judge Kennedy from liability under 42 U.S.C. § 1983. And, as stated above, 28 U.S.C. § 1915(e)(2)(B), compels a court to dismiss a case, such as this, if the court determines that the action seeks monetary relief against a defendant who is immune from such relief.

■ Although the plaintiff has a right to sue under § 1983, for damages that arise from violations of his civil rights, the defendant, Judge Robert Kennedy, has an equal right to be free from suit for civil damages if his actions qualify for absolute judicial immunity. *Dellenbach v. Letsinger*, 889 F.2d 755, 758 (7th Cir.1989). Absolute immunity, like qualified immunity, has the important attribute of "its possessor's entitlement not to have to answer for his conduct in the civil damages action." *Mitchell v. Forsyth*, 472 U.S. 511, 525, 105 S.Ct. 2806, 2814, 86 L.Ed.2d 411 (1985). This "entitlement is an immunity from suit rather than a mere defense to liability." *Id.*, at 526, 105 S.Ct. at 2815.

■ As early as 1872, the Supreme Court recognized that it was "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 13 Wall. 335, 351, 20 L.Ed. 646 (1872). As a result, judges are not subject to personal liability for actions taken within their judicial capacity. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978).

In *Eades v. Sterlinske*, 810 F.2d 723 (7th Cir.1987), the seventh circuit court of appeals reiterated five considerations the Supreme Court had previously identified in support of judicial immunity:

First, a judge must be free to make decisions without fear of personal consequences. Second, because litigation necessarily involves controversy and competing interests, loosing parties may be quick to ascribe malevolent motives to a judge. Third, a qualified "good faith" immunity would be virtually worthless because of the ease of alleging bad faith. Fourth, the prospect of a defending civil damage actions would force judges to employ otherwise unnecessary meticulous recordkeep-

ing and would render judges less inclined to rule forthrightly. Finally, other safeguards, such as appeal and impeachment reduce the need for private rights of action for damages against judges.

*Eades,* 810 F.2d at 725; *see also, Dellenbach v. Letsinger, supra.*

■ Because the underlying purpose of immunity is to preserve judicial independence in the decision-making process, defendant Judge Robert Kennedy is entitled to absolute immunity if his actions meet a two-part test: First, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity. *Id.*

There can be little doubt that Judge Kennedy had jurisdiction over the subject matter about which the plaintiff complains. Indeed, it was Judge Kennedy's role to impose a criminal sentence under Wisconsin state law. Furthermore, the act complained of, i.e., the imposition of an improper sentence, was obviously one within his judicial capacity.

Thus, because the act about which the plaintiff complains was one arising directly out of Judge Kennedy's judicial capacity, and within the scope of his jurisdiction, Judge Kennedy is absolutely immune from liability under 42 U.S.C. § 1983. *Id.,* at 759.

In sum, the plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See, House v. Belford,* 956 F.2d 711, 720 (7th Cir.1992). This is clearly so because the defendant, Judge Robert Kennedy, is immune from liability under 42 U.S.C. § 1983, by the doctrine of judicial immunity.

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed in forma pauperis be and hereby is **DENIED;**

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED,** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and (iii).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copy of this order be sent to the Warden of the institution where the inmate is confined and to Charles D. Hoornstra, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707–7857.