FILED
United States Court of Appeals
Tenth Circuit

June 11, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ALFONSO A. CARRILLO, JANET
PINA, SERGIO HERNANDEZ,
GONZALO PEREZ, ESTELA PEREZ,
GERMAN JASSO BRUNO, JULIO
ARREGUIN, RAQUEL
BARRIENTOS, JORGE RAMIREZ,
MIGUEL ANGEL CAMPOS,

       Plaintiffs - Appellants,

    v.

RICHARD A. WIELAND, United
States Trustee for the District of
Colorado, in his official and individual
capacities, and JARROD MARTIN,
Deputy United States Trustee for the
District of Colorado, in his official
and individual capacities,

       Defendants - Appellees.

No. 12-1448
(D. Colorado)
(D.C. No. 1:12-CV-02680-WJM)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs, Alfonso A. Carrillo and a group of other individuals proceeding *pro se*,[1] appeal the dismissal with prejudice of their complaint for failure to state a claim upon which relief could be granted. The defendants are Richard A. Wieland, the United States Trustee for the District of Colorado, and Jarrod Martin, listed in the plaintiffs' complaint as a "Deputy United States Trustee for the District of Colorado," a position which does not exist. Mr. Martin is apparently actually a trial attorney in the Office of the United States Trustee in the District of Colorado. We affirm.

As the defendants/Trustees have observed, the pertinent factual allegations, whether gleaned from the Complaint, the appellants' brief, or the record, are "sparse." Much of the plaintiffs' factual allegations involve a woman, Ms. Veronica Fernandez, who is not a plaintiff in this action. As averred in the Complaint:

---

[1] The other plaintiffs are Janet Pina, Sergio Hernandez, Gonzalo Perez, Estela Perez, German Bruno, Julio Arreguin, Miguel Campos, Jorge Ramirez and Raquel Barrientos. Six of the named plaintiffs list "1675 Carr St. Suite 220N in Lakewood, CO 80214" as their mailing address. The other three list other addresses (one in Lakewood, one in Brighton, and one in Denver) as their mailing addresses.

**6.1.2** On or around August 2011, Mrs. Veronica Fernandez-Beleta and her husband, Jose Leyva Caraveo contracted the non legal services of America's Home Retention Services, Inc. and Mr. Alfonso Carrillo to locate a real estate property (a house) suitable for claiming and occupation by means of Adverse Possession, to eventually settle with the lien holder and outright own by and after Quiet Title action, a truly Judicial acquisition.

Verified Compl. and Jury Demand at ¶ 6.1.2, R. Vol. 1 at 11. The Complaint further stated that "[a]fter extensive research and forensic analysis on several potential properties, it was found that the house at 5027 S. Mabre, Littleton CO 80123 . . . reunites of [sic] key elements for a successful acquisition via Adverse Possession and Quiet Title action."[2] Id. at ¶ 6.1.3.

As the Complaint additionally states, "[h]aving carefully considered the aforementioned facts . . . , Plaintiff[3] Veronica Fernandez decided to exercise her civil rights, liberties and immunities to acquire [the identified property] via Adverse Possession and Quiet Title, rule 105 following Colorado law." Id. at ¶ 6.1.10. After various forms were filed and other actions taken, Ms. Fernandez "took legal possession of" the property. Id. at ¶ 6.1.11(B).

---

[2] Among these "key" elements were: the property had been abandoned and was vacant and neglected by previous owners; the owners had been found "legally, physically and morally 'Diseased' of any right or interest" in the house; the house had "maybe [been] involved in some sort of Mortgage Fraud by both parties." Compl. at ¶ 6.1.4, .5.

[3] As indicated, Ms. Fernandez is not, actually, a listed plaintiff in this action.

In June of 2012, the "former" owners of the property apparently appeared at the property and "verbally attacked the residents." Id. at ¶ 6.1.11(F). Claims and counter-claims were evidently filed, including an unsuccessful appeal to the Colorado Court of Appeals. Facing an eviction notice posted on her door, Ms. Fernandez "opted for filing for Bankruptcy protection under Chapter 7." Id. at ¶ 6.1.11(O). An automatic stay was granted, thereby bringing to a halt any eviction proceedings against the plaintiffs.

As indicated, the instant action was filed against Mr. Wieland, the United States Trustee in the District of Colorado, and Mr. Martin, a trial attorney in that office. The Complaint styles itself as a "Civil Rights Complaint brought by Plaintiffs seeking to obtain immediate and permanent relief to the injuries sustained by Plaintiffs, as well as remedies, reparation of damages and punitive penalties in law and/or equity against Defendants." Id. at 1.1. The Complaint further contains somewhat random and disorganized references to various statutes: 42 U.S.C. §§ 1982, 1983, 1985, 3603, 3604, and 3617. It similarly refers to the First, Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments to the United States Constitution, but with no specific connection between any act or action and the violation of a law, or between any violation and any particular harm suffered by plaintiffs.

The district court began its "Order Dismissing Case *Sua Sponte* for Failure to State a Claim upon Which Relief Could be Granted" by noting that, under Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint *sua sponte* "when it is 'patently obvious' that the plaintiff could not prevail on the facts as alleged, and allowing him an opportunity to amend his complaint would be futile." Order at 1 (quoting Hall v. Belmon, 935 F.2d 1106, 1110 (10th Cir. 1991)). The court then applied that standard to plaintiffs' Complaint.

The court observed that plaintiffs had "sued Defendants in both their official and personal capacities." Id. at 2. Since claims brought against a governmental officer in his official capacity are essentially claims brought against the governmental entity itself, they are barred by the doctrine of sovereign immunity. See United States v. Sherwood, 312 U.S. 584, 586 (1941); Pleasant v. Lovell, 876 F.2d 787, 793 (10th Cir. 1989). As the district court noted, defendants are trustees for the United States Bankruptcy Courts; accordingly, plaintiffs' official capacity claims against defendants are essentially brought against the United States. Those claims are thus barred by the doctrine of sovereign immunity.

Plaintiffs' claims brought against the defendants in their personal capacities fare no better. These claims are barred by the doctrine of judicial immunity. Judges have absolute immunity from civil liability for judicial acts, unless those acts were clearly in absence of all jurisdiction. Stump v. Sparkman, 435 U.S.

-5-

349, 357 (1978). This immunity may extend to others who are not judges where the performance of judicial acts or activities as an official aide of the judge is involved. Henriksen v. Bentley, 644 F.2d 852, 855 (10th Cir. 1981). "[A]bsolute judicial immunity has been extended to non-judicial officers where 'their duties had an integral relationship with the judicial process.'" Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000) (quoting Eades v. Sterlinske, 810 F.2d 723, 726 (7th Cir. 1987).

Furthermore, judicial immunity has been specifically extended to apply to trustees in bankruptcy proceedings. Gregory v. United States Bankr. Ct., 942 F.2d 1498, 1500 (10th Cir. 1991). Plaintiffs have made no allegation that the defendants exceeded the role of trustee or otherwise acted outside the scope of their authority. And we agree with the district court that, because plaintiffs' claims are barred by judicial immunity, amendment of the complaint would be futile.[4]

For the foregoing reasons, and for the reasons set forth in the district court's order, we agree that plaintiffs' complaint fails to state a claim upon which

---

[4]Besides the application of the doctrine of immunity to plaintiffs' claims, their pleadings and filings are sparse and articulate no coherent legal theory and set of facts to support any claim.

relief could be granted.  We therefore AFFIRM the dismissal of the complaint with prejudice.[5]

                    ENTERED FOR THE COURT


                    Stephen H. Anderson
                    Circuit Judge

---

[5]The appellees' motion to strike certain exhibits is before us.  The exhibits had no effect on our disposition in this case, and the motion is denied.