Aaron B. SCRUGGS,
Plaintiff–Appellant,

v.

Alfred W. MOELLERING, Gregory Antalis, and Geraldine C. Behr, Defendants–Appellees.

No. 88–1685.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 19, 1989.

Decided March 1, 1989.

Aaron B. Scruggs, Pendleton, Ind., pro se.

G. William Fishering, III, Beers, Mallers, Backs Salin & Larmore, Ft. Wayne, Ind., David R. Treeter, Deputy Atty. Gen., Indianapolis, Ind., for defendants-appellees.

Before POSNER, FLAUM and MANION, Circuit Judges.

POSNER, Circuit Judge.

An inmate of an Indiana state prison appeals from the dismissal of his civil rights suit against the trial judge, court reporter, and prosecutor. See Fed.R.Civ.P. 12(b)(6); 42 U.S.C. § 1983. The defendants are alleged to have falsified the transcript of Scruggs's criminal trial in order to prevent him from prosecuting a successful appeal of his conviction to the Indiana Supreme Court. Compensatory and punitive damages are sought, as well as an order directing the defendants to furnish Scruggs with an accurate transcript so that he can pursue post-conviction remedies.

The district court dismissed the claim for damages against the judge and the court reporter on grounds of absolute judicial immunity. So far, so good. A judge has absolute immunity from damages liability for acts performed in his judicial capacity, *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988), and the preparation of the record for appeal is such an act. It is not a matter simply of gathering all the documentary and nondocumentary materials that have been filed in the case and shipping them to the appellate court. Determining the composition of the appellate record entails a number of decisions that require skill and judgment. Cf. Fed.R.App.P. 10. Even the preparation of an accurate transcript by the court reporter is not a mechanical process, given the difficulty of accurately transcribing what often are rapid-fire oral testimony and colloquy. Auxiliary judicial personnel who perform functions at once integral to the judicial process and nonmechanical are entitled to absolute immunity from damages liability for acts performed in the discharge of those functions, just as judges are. See *Eades v. Sterlinske*, 810 F.2d 723, 726 (7th Cir.1987), and cases cited there. Although these cases precede *Forrester*, where the Supreme Court distinguished judicial from merely administrative functions, their principle has been reaffirmed since. See *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir.1987), which held that a court clerk could not be sued for refusing to accept an amended filing and otherwise (it was alleged) abusing his authority. The danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts—alleging as here a conspiracy between the adjunct and the judge—warrants this extension of the doctrine. We need not consider the doctrine's outer bounds.

■ The prosecutor would have been entitled to absolute immunity, too, see *Imbler v. Pachtman*, 424 U.S. 409, 427–28, 96 S.Ct. 984, 993–94, 47 L.Ed.2d 128 (1976), had he not waived it by failing to assert it in the district court. The court dismissed the complaint against him anyway, because the complaint failed to allege a connection between the alleged falsification of the transcript—the conduct of which Scruggs complains—and the prosecutor. The prosecutor conducted the trial against Scruggs, but so far as appears had nothing to do with preparing the transcript. So this dismissal was proper too.

■ A more difficult question involves the rejection of Scruggs's request for an order that the state judge and the court reporter prepare an honest transcript for Scruggs to use in post-conviction proceedings. The dismissal cannot be upheld on the district court's ground—absolute immunity. There is no judicial immunity from a claim for injunctive relief. It is true that *Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984), which so holds, speaks repeatedly of *"prospective* injunctive relief" as what is excepted from the scope of the immunity. See, e.g., *id.* at 541, 104 S.Ct. at 1981 (emphasis added). If this was intended as a qualification, it is puzzling. All injunctive relief is prospective. An injunction tells someone to do (or not to do) something, and since time runs in only one direction in our universe this means to do something in the future, not the past. The Court may have been alluding to the difference, which is important in federal suits against state officials, between an order to pay future benefits and an order to pay past-due benefits, the latter but not the former being subject to the bar of the Eleventh Amendment against suing states without their consent. See *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). That is not a difference pertinent to issues of judicial immunity.

■ *Mullis v. United States Bankruptcy Court, supra,* 828 F.2d at 1391–94, carves an exception to *Pulliam*—of doubtful merit, it seems to us, but in any event inapplicable to this case—for cases where the defendant is a federal judge rather than a state one. Since the exception is based on the proposition that the plaintiff's remedy at law for an abuse of federal judicial power is always adequate, we don't see why the Ninth Circuit cast its result in immunity terms at all. This very point implies, however, an alternative ground to immunity on which to uphold the district court in this case. Scruggs has an adequate remedy at law, unlike Pulliam, who was seeking to enjoin a magistrate's allegedly unconstitutional *practice* of jailing misdemeanor defendants who couldn't make bail, even though the offenses themselves could not subject them to imprisonment. If Scruggs can prove in his post-conviction proceedings what he would have to prove in order to get an injunction in this proceeding—that the defendants doctored the transcript in an effort to defeat his attempt to appeal—then the state court in his post-conviction proceeding, or if need be a federal district court in a habeas corpus proceeding following the exhaustion of his state remedies, has all the power needful to rectify what would indeed be a shocking miscarriage of justice. One who has an adequate remedy at law cannot get an injunction. See *Mullis v. United States Bankruptcy Court, supra,* 828 F.2d at 1394–95 (concurring opinion). As the Supreme Court remarked in *Pulliam,* 466 U.S. at 537, 104 S.Ct. 1978, "the limitations already imposed by the requirements for obtaining equitable relief against any defendant—*a showing of an inadequate remedy at law* and of a serious risk of irreparable harm—severely curtail the risk that judges will be harassed and their independence compromised by the threat of having to defend themselves against suits by disgruntled litigants" (emphasis added, citation and footnotes deleted). See also *Palmer v. City of Chicago,* 755 F.2d 560, 576–77 (7th Cir.1985).

■ There is another route to the same conclusion. Section 1983 may not be used to mount a collateral attack on the plaintiff's criminal conviction, for that would circumvent the requirement in the

federal habeas corpus statute that a state prisoner exhaust his state remedies before turning to the federal courts. See 28 U.S. C. § 2254(b); *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Larsen v. Sielaff,* 702 F.2d 116 (7th Cir.1983); *Hanson v. Heckel,* 791 F.2d 93 (7th Cir.1986) (per curiam); *Crump v. Lane,* 807 F.2d 1394, 1400–02 (7th Cir. 1986). Scruggs does not challenge his conviction or sentence directly; but as he wants an injunction under section 1983 *solely* in order to facilitate his attack on his conviction, the suit is ancillary to his post-conviction proceeding, and hence is an improper use of the civil rights statute. *Kirby v. Sutton,* 436 F.2d 1082 (5th Cir.1971) (per curiam).

▆ *Lumbert v. Finley,* 735 F.2d 239, 241–42 (7th Cir.1984), is not to the contrary. Much as in this case, the prisoner in *Lumbert* claimed that the clerk's refusal to send him the transcript of his trial had interfered with his right to appeal. But he was not seeking to challenge his conviction or get out of prison sooner; he was seeking damages for the wrong. Originally, it is true, he had asked for the transcript as well. But by the time the district court acted on his suit he had received the transcript. The injunctive part of his case—the part that might have affected his prospects for overturning his conviction—was therefore moot. All that was left was a claim for damages. Scruggs, in contrast, is seeking a transcript strictly as a preliminary to challenging his conviction. We hold that a state prisoner's federal suit that is ancillary to a post-conviction proceeding, like the post-conviction attack itself under the federal habeas corpus statute, requires exhaustion of state remedies, since the ultimate—and only ultimate—aim is to shorten the length of imprisonment.

AFFIRMED.