922 F.2d 843
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Torrence T. TILLMAN, Plaintiff-Appellant,
v.
Honorable Allen J. SHARP, Defendant-Appellee.
 No. 90-1310.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 12, 1990.*
Decided Jan. 4, 1991.
 
 Before POSNER, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Torrence T. Tillman brought a "Complaint in Equity for Bill of Review" against Chief Judge Allen J. Sharp of the United States District Court for the Northern District of Indiana. Tillman alleged that Chief Judge Sharp "committed constructive fraud and denied plaintiff his constitutional right to access to the federal courts when he failed to treat plaintiff's petition for bill of review as a new suit in equity and have it docketed as a case separate from the decree that was being challenged in the petition." Tillman sought an injunction ordering Chief Judge Sharp to docket and file his petition as a new case, to send him a file-stamped copy, to issue process to the defendants, and to hold a fair and impartial hearing. The district court denied relief, and we affirm.
 
 
 2
 To obtain an injunction, Tillman must show that "he has an inadequate remedy at law and a serious risk of irreparable harm." Pulliam v. Allen, 466 U.S. 522, 537 (1984). Tillman does not make such a showing, nor could he. Tillman had an adequate remedy at law--an appeal from Chief Judge Sharp's October 10, 1989 dismissal order, yet apparently he did not pursue it. He cannot now use this complaint to collaterally attack that order. See Scruggs v. Moellering, 870 F.2d 376, 379 (7th Cir.), cert. denied, 110 S.Ct. 371 (1989). His attempt to circumvent judicial immunity with a claim for injunctive relief therefore fails.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and the record