936 F.2d 575
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James Paul CLAYTON, Plaintiff/Appellant,
v.
Cherylyn THOMPSON, Ann Filishio, Christine Rockwell,
Defendants/Appellees.
 No. 90-2719.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 27, 1991.*
Decided July 3, 1991.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 James Paul Clayton, an inmate at Pontiac Correctional Center, appeals from the dismissal of his 42 U.S.C. Sec. 1983 civil rights suit against three court reporters. Clayton's amended complaint alleges a conspiracy among the defendant court reporters, the Cook County State's Attorney, and a Cook County trial judge to prevent Clayton from obtaining judicial review of his state conviction. The complaint further alleges that the defendants falsified Clayton's criminal trial transcript in furtherance of the conspiracy. Compensatory and punitive damages are sought as well as an order directing the defendants to cease their alleged practice of falsifying official court records.
 
 
 2
 The district court correctly dismissed the damages claims against the court reporters on the basis of absolute judicial immunity. The doctrine of judicial immunity shields court reporters from liability for damages arising from non-routine, discretionary acts. Dellenbach v. Letsinger, 889 F.2d 755, 762-63 (7th Cir.1989); Scruggs v. Moellering, 870 F.2d 376 (7th Cir.1989). Preparation of a trial transcript is a discretionary task involving judgment. Id. at 376 ("the preparation of an accurate transcript by the court reporter is not a mechanical process, given the difficulty of accurately transcribing what often are rapid-fire oral testimonial and colloquy"). The defendants are entitled to immunity even if they intentionally falsified the transcripts. Eades v. Sterlinske, 810 F.2d 723, 726 (7th Cir.1987).
 
 
 3
 Absolute immunity does not extend to claims for injunctive relief. Scruggs, 870 F.2d at 378. However, if an adequate remedy at law exists, Clayton is not entitled to injunctive relief. Id. at 378. We hold that the district court correctly found that either state or federal post-conviction relief provided Clayton with an adequate remedy at law.
 
 
 4
 A defendant may not circumvent 28 U.S.C. Sec. 2254's requirement that a state prisoner exhaust his state court remedies before seeking federal review by using a section 1983 civil rights suit to challenge his conviction. Id. at 379. As in Scruggs, Clayton's use of the civil rights statute to indirectly challenge his conviction is improper. Although Clayton alleges that "unlawful tampering with judicial records" is a common practice in Illinois, the record reveals that Clayton seeks an injunction for the exclusive purpose of assisting him in attacking and obtaining review of his conviction. Thus, Clayton's suit is ancillary to a post-conviction proceeding and exhaustion of this claim is required. Id.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs