962 F.2d 11
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William A. WRIGHT, Plaintiff-Appellant,
v.
STATE of INDIANA, County of Clark, Indiana Court of Appeals
Judges: Honorable J. Neal, Honorable C.J. Ratliffe,
Honorable J. Robertson, and Floyd Circuit Judge: Henry N.
Leist, et al., Defendants-Appellees.
 No. 90-3355.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 24, 1992.*
Decided May 11, 1992.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and GRANT, Senior District Judge.**
 
 ORDER
 
 2
 Pro se appellant William A. Wright brought a civil rights action under 42 U.S.C. §§ 1983, 1985 and 1986 against the State of Indiana, Clark County, state judges, county attorneys, the county sheriff, the bank and individual defendant Clay (the two that brought foreclosure actions against the appellant in state court in 1983), their attorneys and the bank's CEO. Mr. Wright sought judgment in the amount of $10 million against defendants in their official and personal capacities.[1] The district court dismissed the suit against the state, granted summary judgment to the remaining defendants for reasons of immunity and failure to state a claim, and imposed sanctions on Mr. Wright. Because Mr. Wright has not alleged that there are material facts in dispute, we will not repeat the facts set forth succinctly in the district court's opinion of September 20, 1990. Mr. Wright challenges the court's granting of summary judgment and Rule 11 sanctions.[2] We review de novo the district court's dismissal for failure to state a claim, Gregory v. Nunn, 895 F.2d 413, 414 (7th Cir.1990) (per curiam), and its grant of summary judgment. DOE v. Allied-Signal, Inc., 925 F.2d 1007, 1008 (7th Cir.1991). We review its decision as to the appropriateness of imposing Rule 11 sanctions under a deferential "abuse of discretion" standard. A-Abart Electric Supply, Inc. v. Emerson Electric Co., 956 F.2d 1399, ---- (7th Cir.1992).
 
 
 3
 We begin, as did the district court, with the issue of the judges' immunity. If judicial immunity is applicable, the judges are entitled to immunity from suit rather than to a defense from a judgment for civil damages. Dellenbach v. Letsinger, 889 F.2d 755, 758 (7th Cir.1989), cert. denied, 494 U.S. 1085 (1990) (citing Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985)). Mr. Wright's allegations against Judges Neal, Ratliff, Robertson, Leist, and Hensley concern their decisions to grant foreclosure and to dismiss Mr. Wright's appeal. Because these judicial rulings are acts performed in their judicial capacity, the judges are absolutely immune from suit herein. Mireles v. Waco, --- U.S. ----, 112 S.Ct. 286, 287, 116 L.Ed.2d 9 (1991) (per curiam) (absolute immunity is overcome only for nonjudicial actions or for actions taken without jurisdiction). See also Dellenbach, 889 F.2d at 759-60.
 
 
 4
 Quasi-judicial absolute immunity is extended to auxiliary judicial personnel who perform functions integral to the judicial process and whose challenged acts are performed in the discharge of those functions. Scruggs v. Moellering, 870 F.2d 376, 377 (7th Cir.), cert. denied, 493 U.S. 956 (1989). The defendant Sheriff Becker, whom the court ordered to conduct the sale of Mr. Wright's property, is such a judicial adjunct. See Henry v. Farmer City State Bank, 808 F.2d 1228, 1238-39 (7th Cir.1986). Government attorneys participating in judicial proceedings are granted absolute immunity from civil liability, as well, whether they are defending the government or prosecuting on its behalf. Auriemma v. Montgomery, 860 F.2d 273, 275-76 (7th Cir.1988), cert. denied, 492 U.S. 906 (1989). We conclude that county attorneys Varble and Moore, who appeared at the foreclosure proceedings to claim the property taxes owed by Mr. Wright on the foreclosed property, are immune from damages liability.[3] Scruggs, 870 F.2d at 377.
 
 
 5
 The County of Clark is named in this suit, along with its attorneys and sheriff. However, it is merely listed as a defendant; no allegations are raised against it. A county is liable for depriving an individual's constitutional rights only if the deprivation was the result of the county's official policy, custom or practice. Wilson v. Giesen, 956 F.2d 738, 744 (7th Cir.1992) (citing Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). We discern no policy or custom that might have caused a constitutional violation. Furthermore, Mr. Wright offered no showing that he was injured by an official county policy, as required by Monell. Accordingly, we conclude that summary judgment was properly granted to the county.
 
 
 6
 Now remaining are the defendants Thomas Clay, his attorney, the bank and its CEO and attorney, those involved in the original foreclosure action. In his complaint Mr. Wright presented no allegations based upon the legal grounds he asserts as the basis of his civil rights suit. His cursory claim of a conspiracy among all the defendants failed to show a meeting of the minds among the alleged conspirators, see Perkins v. Silverstein, 939 F.2d 463, 468-69 (7th Cir.1991), or an intent to deprive him of a constitutional right by means of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). At no time has Mr. Wright alleged that he is part of a class of people which is the object of invidious discrimination. Moreover, the cursory allegation that defendants may have acted in concert does not state a claim under § 1985. Wilson, 956 F.2d at 744 (citing Scherer v. Balkema, 840 F.2d 437, 442 (7th Cir.), cert. denied, 486 U.S. 1043 (1988)). When a § 1985 claim cannot be sustained, the § 1986 claim also fails. Rodgers v. Lincoln Towing Service, Inc., 771 F.2d 194, 203 (7th Cir.1985).
 
 
 7
 Nor can the conspiracy claim survive under § 1983. Neither allegation nor showing was made that "the state officials and the private party somehow reached an understanding to deny the plaintiff[ ] [his] constitutional rights." House v. Belford, 956 F.2d 711, 721 (7th Cir.1992). Since Mr. Wright's complaint of conspiracy is merely cursory, and the record is bare of any evidence that could lead a reasonable person to infer a conspiracy, we conclude that the district court properly granted summary judgment.[4]
 
 
 8
 Our de novo review of the district court's order and the underlying record clearly indicates that the court properly resolved the issues presented. Contrary to Mr. Wright's contention, we discern no bias in the district judge's ruling. Moreover, there is no merit to his allegation that some responses to his appeal were untimely. The docket indicates that defendants' motions were timely filed under Fed.R.Civ.P. 12(c).
 
 
 9
 Three other claims raised on appeal must fail. The first is the appellant's assertion that the state court order staying the foreclosure sale of his property "should have guaranteed a trial in the district court" and should have "defeated" the summary judgment motions of the defendants.[5] Such a claim reflects a misunderstanding of the relationship between state and federal courts. This civil rights suit for damages, brought against the judges who issued valid court orders and against court officers and personnel who enforce properly entered judgments, is essentially a collateral attack on the foreclosure determinations made in state court. Such a result is obviously untenable. See Henry v. Farmer City State Bank, 808 F.2d 1228, 1239 (7th Cir.1986).
 
 
 10
 Mr. Wright also argues that a pro se litigant should receive assistance from the court "to ward off summary judgment." This court certainly reads liberally the submissions brought by plaintiffs proceeding pro se, see Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), but will not construct a litigant's arguments for him. United States v. Brown, 899 F.2d 677, 679 (7th Cir.1990).
 
 
 11
 The appellant's final claim is that Rule 11 sanctions were unjustly imposed on him. The district court awarded nominal sanctions of $250 each to the private defendants (the bank and its CEO, Mr. Clay, and their attorneys) because it found Mr. Wright's lawsuit to be vexatious and "resolvable on essentially hornbook principles of law." We review an imposition of Rule 11 sanctions under an abuse of discretion standard. Thompson v. Duke, 940 F.2d 192, 195 (7th Cir.1991). Because Rule 11 applies to "anyone who signs a pleading," it applies to pro se litigants. To be sure, status as a pro se litigant may be taken into account, but sanctions can be imposed for any suit that is frivolous. Vukadinovich v. McCarthy, 901 F.2d 1439, 1445 (7th Cir.1990), cert. denied, 111 S.Ct. 761 (1991). Based upon our review of the record, which supports that conclusion, we hold that the district court did not abuse its discretion in imposing sanctions on Mr. Wright.
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Hon. Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 Mr. Wright also requested an ex parte temporary restraining order preventing the sale of his property pending outcome of this action. The district court denied the motion pursuant to 28 U.S.C. § 2283. We note that the immunity enjoyed by some defendants does not extend to claims for injunctive relief, but that a plaintiff is not entitled to such relief if an adequate remedy at law exists. Scruggs v. Moellering, 870 F.2d 376, 378 (7th Cir.), cert. denied, 493 U.S. 956 (1989). In this case, Mr. Wright had obtained that relief by state court action. On May 12, 1988, Special Judge Richard Striegel, Clark County Superior Court, issued an order staying the sheriff's sale of Mr. Wright's property. See Appendix, Ex. 37
 
 
 [2]
 The district court properly recognized that the Eleventh Amendment bars suits against states without their consent, and therefore dismissed the claim against Indiana. See Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Mr. Wright has not appealed the dismissal
 
 
 [3]
 Mr. Wright also alleges that the county attorneys failed to advise the court on the law and to stop the sheriff's sale. If these acts had been among their duties, defendants Varble and Moore would still have been given immunity, for such functions are integral to the judicial process of foreclosure
 
 
 [4]
 A plaintiff invoking § 1983 must plead specific facts that, if proved, would overcome such defenses as immunity. A complaint containing conclusory allegations, absent reference to material facts, will not survive a motion to dismiss or summary judgment. See, e.g., Sivard v. Pulaski County, No. 91-1208, 1992 WL 63201 (7th Cir. Apr. 1, 1992); Trautvetter v. Quick, 916 F.2d 1140, 1148 (7th Cir.1990)
 
 
 [5]
 On May 12, 1988, one month after this complaint was filed in federal court, Special Judge Richard Striegel ordered a stay of the sheriff's sale of Mr. Wright's property. See Appendix doc. 37