**Charles E. JONES, Petitioner,**

v.

**Illinois Attorney General Roland BURRIS, et al., Respondents.**

**No. 93 C 1981.**

United States District Court,
N.D. Illinois, E.D.

June 30, 1993.

Charles E. Jones, plaintiff pro se.

No appearance filed.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Charles Jones ("Jones") has presented a self-prepared Petition for Writ of Mandamus (the "Petition") seeking relief against Illinois Attorney General Roland Burris and the clerks of the Illinois Supreme Court and the Circuit Court of Cook County. Jones asks that those defendants be compelled to provide him with access to trial court records in two Circuit Court criminal cases that Jones contends are needed "to perfect a fair appellate brief."[1]

According to the Petition Jones filed a pro se notice of appeal in those state court cases on December 3, 1991. Jones' filings with this Court (the Petition together with later-filed documents) reflect that the state court has appointed counsel to represent Jones in his appeal. Appointed counsel has received certain portions of the trial record, but Jones contends that the record provided to him is incomplete. In addition, Jones maintains that the transcript of a January 16, 1991 hearing in one of his cases does not truly and accurately reflect the proceedings transcribed and contains falsifications.

There are several basic defects in the Petition, any one of which would require its denial. In combination they are unquestionably fatal to Jones' action.

 First of all, Jones' selection of mandamus as a remedy fails because a federal district court has no general mandamus jurisdiction to compel action by state court officials (see, e.g., *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir.1988); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir.1986)). To be sure, because Jones alleges that defendants' actions have violated his federal constitutional rights, this Court might instead treat the Petition as a complaint seeking injunctive relief under 42 U.S.C. § 1983 ("Section 1983").[2] But such a transformation would not benefit Jones, for his claim that the state has not provided him with a record of sufficient completeness and accuracy to ensure a fair appellate review of his convictions is at heart an attack on the legality of his custody. Indeed, Jones himself recognizes that in his May 17, 1993 Request for Decision where he "avers that, the relief sought is crucial, in that the relief sought would have a direct bearing on the constitutionality of an 'unjust, and illegal incarceration.'" Habeas corpus, with its concomitant exhaustion-of-state-remedies requirement, is the exclusive federal remedy for a state prisoner to challenge the validity of his conviction (*Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973)). Consequently an inmate may not maintain a Section 1983 suit seeking injunctive relief solely to facilitate an attack on a conviction in state court proceedings (*Scruggs v. Moellering*, 870 F.2d 376, 378–79 (7th Cir.1989)). Because Jones clearly has yet to exhaust his state court remedies, any federal consideration of his claims is premature.

Hence the Petition is legally frivolous in the sense that it lacks any arguable legal basis for a federal claim (*Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)), and this Court denies Jones' motion for leave to file in forma pauperis (*id.*). In accordance with the procedure prescribed by *Denton v. Hernandez*, —— U.S. ——, —— 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992), this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(d). In addition Jones is informed:

1. If he wishes to appeal this order of dismissal, within 30 days after the entry of judgment he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit (see Fed.R.App.P. 4(a)). That Notice of Appeal must be filed with the Clerk of the Court of the United States District Court, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604.

---

1. For the reasons explained in this opinion, it proves unnecessary to determine which of the defendants would be the appropriate party or parties capable of providing the relief that Jones seeks—if he could properly obtain such relief in this case (as he cannot).

2. That type of reading would comport with the liberal-reading mandate of *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam).

2. Although this Court of course expresses no substantive views on this subject, Jones should also be aware that if the Court of Appeals were to determine that such an appeal were "frivolous" in the legal sense, that could result in the imposition of sanctions by that Court (see Fed.R.App.P. 38).