# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### October 26, 2015 Session

## THEODORE FRANKLIN DAVIS v. KNOX COUNTY, TENNESSEE

**Interlocutory Appeal from the Circuit Court for Knox County**
**No. 2-66-13            William T. Ailor, Judge**

---

### No. E2015-00076-COA-R9-CV-FILED-NOVEMBER 30, 2015

---

We granted this interlocutory appeal in order to consider whether Knox County can rely upon the defense of quasi-judicial immunity with respect to the allegations against it in the complaint filed by the plaintiff Theodore Franklin Davis. At an earlier time, Davis entered into a plea agreement in criminal court. In the agreement, he consented to comply with all of the requirements of the Knox County Pretrial Services Office during his six-month probation. One of the requirements was that he would wear a Secure Continuous Remote Alcohol Monitoring unit (the SCRAM) to track his alcohol consumption. Pretrial Services – a department of the Knox County Sheriff's Office and an agent of Knox County – installed and monitored the device. Davis alleges that the agents of Pretrial Services were negligent in the installation of, and their refusal to adjust, the SCRAM. He alleges that the SCRAM exacerbated his diabetic condition. Knox County raised the defense of quasi-judicial immunity and later moved to dismiss. The trial court denied Knox County's motion, holding that it was not entitled to raise the defense of quasi-judicial immunity. We hold that Knox County is entitled to assert the defense of quasi-judicial immunity under Tenn. Code Ann. § 29-20-206 (2012). Accordingly, we reverse the trial court's judgment and dismiss the plaintiff's complaint.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed; Case Remanded**

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY AND THOMAS R. FRIERSON, II, JJ., joined.

Amanda Lynn Morse and David S. Wigler, Knoxville, Tennessee, for the appellant, Knox County, Tennessee.

Forrest L. Wallace, Knoxville, Tennessee, for the appellee, Theodore Franklin Davis.

# OPINION

## I.

The plaintiff, who is diabetic, alleges that Pretrial Services placed the SCRAM too tightly around his ankle. He states that he immediately communicated to the officers that he was diabetic. He told them that the SCRAM was too tight, but the officers ignored his complaint. This discomfort was exacerbated several days later when the plaintiff went on a hike. The next day, he contacted Pretrial Services, described his pain, and asked them to remove the bracelet. They refused. Two days later, Davis saw his primary care physician, who instructed that the bracelet be removed immediately. The same day, Pretrial Services removed the SCRAM and placed it on his other leg. Later, the criminal court entered an order directing the removal of the device altogether. Davis alleges he suffered injuries as a result of the negligent "supervision" of Pretrial Services, its officers, and the Sheriff's office. He also alleges a breach of the duty of care owed to him.

Davis filed a complaint under the Governmental Tort Liability Act (the GTLA) and Tenn. Code Ann. § 29-20-201, *et seq.* (2012)*,* originally naming several defendants: Knox County; Sheriff Jimmy "J.J." Jones; Knox County Sheriff's Office; Knox County Probation; Knox County Pretrial Services Office; and Rene Russell and "John Doe," both of the Knox County Sheriff's office. Eventually, an agreed order was entered dismissing all defendants, save Knox County, with prejudice. As the sole remaining defendant, Knox County then raised the defense of quasi-judicial immunity, stating

> Knox County is also immune by virtue of the doctrine of quasi-judicial immunity as the same may apply to the facts and circumstances herein, because its Pre-Trial Services Officers were overseeing, monitoring, and effectuating the Court's orders and conditions imposed with respect to Mr. Davis' criminal case probation in connection with the events alleged in the Complaint, and were acting within their general subject matter jurisdiction and pursuant to judicial directive.

Knox County then moved to dismiss and for judgment on the pleadings. The trial court denied the motion, but did find that Pretrial Services acted pursuant to a plea agreement and a court order when it placed the SCRAM on Davis' leg. Still, the court held that Knox County was not entitled to judicial or quasi-judicial immunity. The court noted that Knox County did not fall within any of the exceptions granting immunity in Tenn. Code Ann. § 29-20-205 (Supp. 2015) or any other exception set forth in the GTLA.

Knox County filed a motion under Tenn. R. Civ. P. 54.02 asking the court to (1) modify its order so as to hold that the common law defense of absolute quasi-judicial

immunity is available to Knox County pursuant to Tenn. Code Ann. § 29-20-206 (2012);[1] (2) acknowledge that sovereign immunity has been removed pursuant to Tenn. Code Ann. § 29-20-205; and (3) grant Knox County's motion to dismiss on the basis that it is protected by quasi-judicial immunity. The trial court denied this motion, but stated "Knox County's Pretrial Services Officers, if sued individually would enjoy quasi-judicial immunity." The trial court granted Knox County's application for a Tenn. R. App. P. 9 interlocutory appeal. We followed suit.

## II.

On this Tenn. R. App. P. 9 interlocutory appeal, our review is limited "to the questions certified by the trial court in its order granting permission to seek interlocutory appeal and in this Court's order granting the appeal." *In re Bridgestone/Firestone*, 286 S.W.3d 898, 902 (Tenn. Ct. App. 2008) (citing *Heatherly v. Merrimack Mut. Fire Ins. Co.*, 43 S.W.3d 911, 914 (Tenn. Ct. App. 2000)). The trial court certified the following question of law for review:

> Does Tenn. Code Ann. § 29-20-206, which provides "liability of the governmental entity shall be determined as if the governmental entity were a private person," permit municipalities and counties to raise absolute quasi-judicial immunity as a substantive tort law defense[ ] in GTLA cases where sovereign immunity has been waived pursuant to Tenn. Code Ann. § 29-20-205?

In his brief, Davis

> concedes that the trial court committed error in holding that [Knox County] was prohibited from asserting the substantive tort law defense of quasi-judicial immunity, when sovereign immunity was previously removed pursuant to Tenn. Code Ann. § 29-20-205. Clearly, under the Tenn. Code Ann. § 29-20-206, [Knox County] is entitled to raise such a defense on

---

[1] Tenn. Code Ann. § 29-20-206 provides as follows:

> Nothing contained in this chapter, unless specifically provided, shall be construed as an admission or denial of liability or responsibility insofar as governmental entities are concerned. Wherein immunity from suit is removed by this chapter, consent to be sued is granted and *liability of the governmental entity shall be determined as if the governmental entity were a private person*.

(Emphasis added.)

behalf of its employees in their individual capacity, and [Knox County] did so. The question remains however, as to whether this defense is applicable based on the unique circumstances of the instant matter.

Knox County replied that "[i]n light of Mr. Davis' concession that the doctrine of absolute quasi-judicial immunity is applicable to Knox County, the remaining issue is simply whether Knox County's Pre-Trial Services Officer would have, if sued in their individual capacity, enjoyed such immunity."

## III.

Review of a motion to dismiss requires an appellate court to "construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002) (*see* *Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 840 (Tenn. 1996)). "A Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) (citing *Highwoods Props, Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009)). For these reasons, "our review is limited to the lower court's legal conclusions," which we review de novo with no presumption of correctness. *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 32 (Tenn. 2007) (citing *White v. Revco Disc. Drug Ctrs., Inc.*, 33 S.W.3d 713, 718 (Tenn. 2000)).

## IV.

"Local governmental entities are immune from suit except when the General Assembly has, by statute, explicitly permitted them to be sued." *Kemper v. Baker*, No. M2011-00407-COA-R3-CV, 2012 WL 1388371, at *4 (Tenn. Ct. App. M.S., filed Apr. 19, 2012) (citing *Brown v. Hamilton Cnty.*, 126 S.W.3d 43, 46 (Tenn. Ct. App. 2003)). By design, GTLA waives sovereign immunity. *Hollifield v. City of Morristown*, No. 03A01-9605-CV-00172, 1996 WL 539766, at *1 (Tenn. Ct. App. E.S., filed Sept. 25, 1996). Its purpose "is to define the circumstances when local governmental entities may be sued for negligence as if they were a private person." *Doe v. Coffee Cnty. Bd. of Educ.*, 852 S.W.2d 899, 907 (Tenn. Ct. App. 1992) (citing Tenn. Code Ann. § 29-20-206). Specifically, Tenn. Code Ann. § 29-20-206, a part of the GTLA, provides: "[w]herein immunity from suit is removed by this chapter, consent to be sued is granted and liability of the governmental entity shall be determined as if the governmental entity were a private person."

As is similar to the rule for the governmental entities as set forth in Tenn. Code Ann. § 29-20-206, Tenn. Code Ann. § 9-8-307(d) (Supp. 2015) permits the State to assert the same liability defenses as a private individual, where

4

> [n]o award shall be made unless the facts found by the [Tennessee Claims Commission] would entitle the claimant to a judgment in an action at law if the state had been a private individual. . . . The state may assert any and all defenses, including common law defenses, which would have been available to the officer or employee in an action against such an individual based upon the same occurrence. The state may assert any absolute common law immunities available to the officer or employee, however, good faith common law immunity may not be asserted. . . .

Tenn. Code Ann. § 9-8-307(d).

The trial court found that, if sued individually, the Knox County Pretrial Services Officers would enjoy quasi-judicial immunity. We agree. Immunity claims asserted by a defendant "must be analyzed in light of the *functions* performed by the person seeking immunity." ***Bryant-Bruce v. State*,** No. M2002-03059-COA-R3-CV, 2005 WL 2384696, at *6 (Tenn. Ct. App. M.S., filed Sept. 27, 2005) (emphasis added) (citing ***Burns v. Reed*,** 500 U.S. 478, 486 (1991)). In ***Bryant-Bruce***, we explained that

> [s]everal varieties of immunity arise in the context of judicial proceedings. Judges are absolutely immune from suit for the acts performed in the exercise of their judicial functions. ***Webb v. Fisher*,** 109 Tenn. 701, 705, 72 S.W. 110, 111 (1903); ***Mercer v. HCA Health Servs. of Tenn., Inc.*,** 87 S.W.3d 500, 503-04 (Tenn. Ct. App. 2002). Absolute judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability. ***Antoine v. Byers & Anderson, Inc.*,** 508 U.S. 429, 435, 113 S.Ct. 2167, 2171 (1993).
>
> Over the years, a form of immunity similar to absolute judicial immunity has been extended to persons other than judges. The immunity, commonly referred to as quasi-judicial immunity, applies to persons who are not judges but whose functions are an integral part of or intimately related to the judicial process. These functions must be absolutely necessary to the proper functioning of the judicial process, ***Mercer v. HCA Health Servs. of Tenn., Inc.*,** 87 S.W.3d at 504, and immunity for persons performing these functions arises only when the danger that they will be distracted from

5

the performance of their duties is very great. *Forrester v. White*, 484 U.S. 219, 230, 108 S.Ct. 538, 545 (1988). Recognizing the possibility that disappointed litigants will vent their wrath on auxiliary court personnel, *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989), quasi-judicial immunity has been extended to persons performing functions integral to the judicial process or acting at the court's direction, such as clerks, guardians ad litem, CASA volunteers, and mediators.

2005 WL 2384696, at *6 (footnotes omitted). Quasi-judicial immunity also has been extended to "psychologists who are sued for services rendered in their capacity as agents of the court," *Ghayoumi v. McMillan*, No. M2005-00267-COA-R3-CV, 2006 WL 1994556, at *7 (Tenn. Ct. App. M.S., filed July 14, 2006), and "to a probation officer to the extent the function performed was judicial in nature." *Haynie v. State,* No. M2009-01340-COA-R3-CV, 2010 WL 366689, at *3 (Tenn. Ct. App. M.S., filed Feb. 2, 2010). Judicial immunity has been extended

to include these "quasi-judicial" officers because they are involved in an integral part of the judicial process and thus must be able to act freely without the threat of a lawsuit. When acting at a judge's direction, the "quasi-judicial" officers enjoy the same absolute immunity for their conduct.

*Miller v. Niblack,* 942 S.W.2d 533, 537 (Tenn. Ct. App. 1996) (quoting *LaLonde v. Essner,* 539 N.E.2d 538, 540-41 (Mass. 1989)) (internal citations omitted); *see also* *Chapman v. Kelley*, No. M2001-00928-COA-R3-CV, 2002 WL 1974136, at *5-6 (Tenn. Ct. App. M.S., filed Aug. 28, 2002) (holding "[t]he court clerks herein are an integral part of the judicial system, and the deputy clerk was following the direction of the court" and "they are shielded by the quasi-judicial immunity doctrine.")

Grant of this immunity is not without limits. In *Bryant-Bruce*, we declined to extend quasi-judicial immunity to the Tennessee Department of Health and Human Services and certain of its employees for the alleged negligent medical treatment an infant received while in state foster care. 2005 WL 2384696, at *7. There, the court stated "[t]he provision of medical care to a child in state custody has no direct connection with the proper and efficient operation of the judicial system." *Id.* The court added that providing medical care could conceivably be related indirectly to the operation of a judicial function if the court ordered specific treatment, though it had not in that case. *Id.*

In the present case, the factual allegations Davis raised against defendants in his complaint address solely acts done in the enforcement of a court order or in their failures to act. Davis states in his complaint that "at all times material," the Pretrial Services

6

officers he encountered acted "under the color of state law and pursuant to the policies, customs, training and regulations of [their office]," which "administers, maintains, and supervises the application of the SCRAM bracelets for probationers in Knox County, Tennessee." Davis states that he was required to wear the SCRAM as a term of his court-ordered probation. He further states that he reviewed and signed a Program Participation Agreement in front of a Pretrial Services officer who also signed the agreement, that Pretrial Services put the bracelet around his ankle pursuant to the agreement, and that he discussed with Pretrial Services his medical condition, the discomfort the bracelet caused, and the penalty for removing it. Davis alleged these discussions left him "scared, intimidated and unsure of how to proceed." Eight days later, after Davis had made several complaints of discomfort to Pretrial Services, he was seen by his primary care physician, who said the bracelet was "causing [Davis] severe health problems which necessitated immediate removal." The same day, Pretrial Services removed Davis' bracelet and placed it on his other ankle. Within two weeks, the court ordered the bracelet removed altogether. Davis' probation required him to wear the bracelet and Pretrial Services' acts and omissions were made in an effort to enforce that court order, or in connection with the proper and efficient operation of the judicial system.

In *Wilder v. Swann*, No. 3:11-CV-93, 2011 WL 4860041, at *5-6 (E.D. Tenn. 2011), a federal court found that a court-appointed psychologist directed to prepare an evaluation and report in a child custody proceeding was protected by quasi-judicial immunity where the plaintiff's claims against him arose solely out of his work in carrying out a court's order. *Id.* (citing *Ghayoumi*, 2006 WL 1994556, at *1-2). "[A]t least one Tennessee court of appeals, *Ghayoumi*, has found a similar situation to be an integral part of the judicial process so as to warrant the application of quasi-judicial immunity." *Id.* at *6. The federal court in *Wilder* dismissed the claims against the defendant, finding quasi-judicial immunity applied "in regard to plaintiff's claims against him arising out of his conduct in preparing a psychological evaluation and report pursuant to the court's order." *Id.*

In *Haynie*, we held that a probation officer was entitled to quasi-judicial immunity even if the officer acted negligently in carrying out his official duties. "It cannot be disputed that [the probation officer's] act of reporting probation violations, negligent or not, is part of her official duties – the judicial process of monitoring a convicted felon's compliance with the Court's orders." *Haynie*, 2010 WL 366689, at *3. The court found the probation officer's function of reporting probation violations was essential to the judicial process and that the negligence alleged in that case occurred while the probation officer was performing a judicial function. *Id.* As a result, quasi-judicial immunity still applied to the officer. *Id.* We further found that because the probation officer had immunity from the plaintiff's claims, then pursuant to Tenn. Code Ann. § 9-8-307(d), so would the State. *Id.*

Davis asserts that his injuries were the direct result of Pretrial Service's administrative – rather than judicial – actions. Because of this, he says those actions would fall outside the scope of the immunity protection. He states on appeal that "while [Knox County's] employees may enjoy absolute quasi-judicial immunity by virtue of their position, the applicability of this defense hinges on the government employee's function which led to or caused the injury." The officers in this case were performing the function of administering the SCRAM when the injury-causing negligence allegedly occurred. He says this was "not an essential function to the judicial process" and therefore, is not shielded by quasi-judicial immunity.

Case law suggests an "intelligible distinction" between the extension of immunity for judicial and administrative acts. *Forrester*, 484 U.S. at 227. "Administrative decisions, even though they may be essential to the very functioning of the courts, have not similarly been regarded as judicial acts." *Id.* at 228. The court has reserved judicial immunity for judicial acts. *Id.* In *Forrester*, the United States Supreme Court named personnel decisions and supervising court employees as examples of a judge's administrative tasks. *Id.* at 229. Quoting from the dissent of Judge Posner in the Court of Appeals opinion, the United States Supreme Court majority stated "[a]bsolute immunity . . . is 'strong medicine, justified only when the danger of [officials' being] deflect[ed from the effective performance of their duties] is very great.' " *Id.* at 230 (quoting 792 F.2d 647, 660 (7th Cir. 1986) *rev'd*, 484 U.S. 219, (1988) (Posner, J., dissenting)).

In keeping with the above, this Court has explained that the question of extending quasi-judicial immunity can turn on the level of discretion the employee exercised to carry out a judicial function. *Jackson v. Metro. Gov't of Nashville*, No. M2009-01970-COA-R3-CV, 2010 WL 2287639, at *5-6 (Tenn. Ct. App. M.S., filed June 7, 2010). Immunity is used "to promote uninhibited and independent decision making." *Miller*, 942 S.W.2d at 538 (quoting *Howard v. Drapkin*, 271 Cal. Rptr. At 895, 905 (Cal. Ct. App. 1990)). In *Jackson*, the plaintiff asserted that a probation officer breached a duty to withdraw a probation violation warrant once plaintiff had performed the required public service work, and that this negligence resulted in injuries. 2010 WL 2287639, at *1. In that case, we ultimately granted quasi-judicial immunity to the probation officer, finding "[w]hether to request the recall of a probation violation warrant is a *discretionary function* probation officers perform." *Id.* at *6 (emphasis added). The *Jackson* court distinguished the facts in its case from the facts in *Miller*. In *Miller*, we declined to extend quasi-judicial immunity to employees of a private laboratory found to have exercised "no modicum of official discretion" in conducting a court-ordered paternity test. *Id.* at *5-6. In *Miller*, we found

> the contract between RHL and the Juvenile Court exact in its
> requirements of RHL in performing the blood tests. There is
> no room for discretion as to the type of tests to be performed

8

or the order in which they are conducted. Moreover, the test results are not subject to different interpretation. They either exclude the alleged father or do not. This is directly opposite to the aforementioned cases concerning psychologists or psychiatrists who were appointed by the court to conduct an "evaluation." Here, the tasks of RHL did not lend themselves to "uninhibited and independent decision making."

\* \* \*

The appellants allege negligence in the appellees' actual performance of the tests. "Immunity can only exist where the defendant official is required to exercise some modicum of official discretion . . . since the rationale for official [quasi judicial] immunity is the promotion of fearless, vigorous, or effective administration of policies of government, the qualification of immunity which limits it to discretionary acts is eminently practical." 63 Am.Jur.2d *Public Officers and Employees* § 362 (1984).

*Miller*, 942 S.W.2d at 539.

The court order requiring Davis to wear the SCRAM stated, "[a]s conditions of probation, defendant must refrain from drinking any alcohol, pay for a SCRAM bracelet for 6 months, wear a SCRAM bracelet for 6 months, and comply with all of Pretrial Services requirements." (Emphasis removed.) The court order did not dictate what those "requirements" were. The wording of the court order allowed for and expected Pretrial Service to exercise its discretion to enforce the order requiring Davis to wear the bracelet for the length of his probation.

Davis asserts in his brief that, by contract between Knox County and the SCRAM provider, "pretrial services officers oversee all matters related to the bracelets, and their responsibilities include educating new enrollees, monitoring their alcohol intake, issuing valuation and status reports, coordinating maintenance, and collecting fees." The general tasks set forth in the subject contract call for discretion on the part of Pretrial Services. In his cause of action, Davis alleges that Pretrial Services was negligent in supervising him, failing to address his health concerns, and failing to uphold their responsibility and duty to ensure the SCRAM was attached and maintained. The actions described in these allegations also would require Pretrial Services to exercise discretion when enforcing the order.

We find that the injuries alleged by Davis resulted from the officers' acts and omissions in carrying out a court order. Therefore the officers, as individuals, would be

9

protected by quasi-judicial immunity. Knox County is able to raise this same defense under Tenn. Code Ann. § 29-20-206, which permits it to raise the same defenses to a tort claim that a private person could raise. This understanding of Tenn. Code Ann. § 29-20-206 is in line with prior case law concerning the doctrine of respondeat superior. "[I]f an injured person is barred by law from suing the servant he is likewise barred from maintaining a suit against the master when liability is predicated solely on the doctrine of respondeat superior." *Stewart v. Craig*, 344 S.W.2d 761, 763 (Tenn. 1961) (italics omitted).

For the above reasons, we hold that Tenn. Code Ann. § 29-20-206 permits municipalities and counties to raise quasi-judicial immunity as a substantive tort law defense in GTLA cases. The trial court determined that Knox County was not protected by quasi-judicial immunity because it does not fall within any of the exceptions listed in Tenn. Code Ann. § 29-20-205 or any exception set forth in the GTLA. Although it is true that Tenn. Code Ann. § 29-20-205 removes sovereign immunity from governmental entities, we hold that Knox County is still able to assert a defense of quasi-judicial immunity under Tenn. Code Ann. § 29-20-206 for the reasons stated in this opinion. The trial court found quasi-judicial immunity would apply to the Pretrial Services officers individually. We agree. This being the case, the same immunity would extend to protect Knox County pursuant to the provisions of Tenn. Code Ann. § 29-20-206.

## V.

The order of the trial court denying Knox County's motion to dismiss on the ground that quasi-judicial immunity does not apply under Tenn. Code Ann. § 29-20-205 is reversed. Accordingly, Davis' complaint against Knox County is dismissed with prejudice. Costs on appeal are taxed to the appellee Theodore Franklin Davis. This case is remanded to the trial court for collection of costs assessed there.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE