**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

TERRY COLEMAN,

    Plaintiff-Appellant,

v.

DARLA FARNSWORTH, Clerk of the
Court of Leavenworth County;
TERENCE LOBER, City Prosecutor,
City of Lansing; ROBERT J.
BEDNAR, Leavenworth County
District Court Judge; DAVID VAN
PRAYS, Legal Counsel, Leavenworth
County; LEAVENWORTH COUNTY,
KANSAS; LEAVENWORTH
COUNTY DISTRICT COURT;
LEAVENWORTH COUNTY
CLERK'S OFFICE; CITY OF
LANSING, KANSAS,

    Defendants-Appellees.

No. 03-3296
(D. Kan.)
(D.Ct. No. 03-CV-3119-GTV)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior
Circuit Judges.

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Terry Coleman, a *pro se* litigant and inmate at a state correctional facility in Kansas City, appeals the district court's dismissal of his amended complaint relating to his 42 U.S.C. § 1983 claims against certain county and city officials and entities. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

In his § 1983 action, Mr. Coleman alleged certain Kansas judicial, city and county officials violated his constitutional rights. In general, he claimed the district court clerk acted as the "ring leader" of the named defendants, and repeatedly failed to issue state summons in a state civil action filed by Mr. Coleman against the City of Lansing, Kansas. Similarly, he claimed other county and city officials and entities, including the district court judge, city and county attorneys, the district court, office of the clerk of courts, and the county, conspired together with the district court clerk to deny him access to state court by failing to issue any summons. Mr. Coleman claims the state district court

judge ordered him to file a praecipe for service, he filed a "mandamus for service," and the judge ultimately instructed the court clerk to issue the summons after she repeatedly refused to do so. Mr. Coleman also claims he himself personally served a file-stamped summons on the city attorney, and served the other defendants by sending them file-stamped summons initialed by the clerk, "via U.S. mail." According to Mr. Coleman, the same judge later dismissed Mr. Coleman's action against the City of Lansing for failure to appear, prosecute his case, and serve the defendants.[1] Mr. Coleman believes his case was dismissed because the clerk intentionally failed to make a docket entry showing personal service on the defendants. Mr. Coleman also claims he attempted to appeal the dismissal of his case to the Kansas Court of Appeals, but because of mailing discrepancies caused by the state district court, the court dismissed his appeal as untimely.[2] Mr. Coleman then initiated this § 1983 action in the federal district

---

[1] As to the more specific allegations asserted, we will not repeat them as the parties are familiar with them and the district court briefly outlined them in its decision before us on appeal. Admittedly, Mr. Coleman's account of his attempts to initiate service on the defendants, if taken as true, demonstrate a layman's frustration in understanding how, and attempting, to obtain service, but are insufficient to state a § 1983 claim for the reasons discussed herein.

[2] This is not the first time Mr. Coleman has alleged mailing discrepancies, causing his untimely filing of pleadings. *See Coleman v. Sheriff, Wyandotte County*, 232 F.3d 900, 2000 WL 1475778 at **1-2 (10th Cir. Oct. 5, 2000) (unpublished opinion) (dismissing appeal based on alleged conspiracy of prison officials to interfere with timely delivery of Mr. Coleman's mail, which allegedly caused Mr. Coleman to fail to timely respond to an order to correct errors in his complaint and the dismissal of another of his

court.

The district court dismissed all but one of Mr. Coleman's § 1983 claims, under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted. As to his remaining claim against the City of Lansing, Oklahoma, the district court dismissed it as frivolous. Finally, he counted the dismissal of Mr. Coleman's action as a "strike" pursuant to 28 U.S.C. § 1915(g).[3]

In dismissing Mr. Coleman's § 1983 action, the district court analyzed the facts asserted and applicable law. In short, it explained the state afforded Mr. Coleman a right to access the courts when he filed his complaint in state court. It also recognized the availability of the state appellate court to remedy any error by the judge or clerk in handling his action, but pointed out Mr. Coleman did not take advantage of this remedy when he failed to timely file a state appeal. It also

civil actions.).

[3] As the district court advised, 29 U.S.C. § 1915(g) contains a three-strike provision, which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if, on three or more prior occasions, a prisoner brings an action dismissed as frivolous, malicious or for failing to state a claim on which relief may be granted. It does not apply if the prisoner is in imminent danger of serious physical injury. 29 U.S.C. § 1915(g).

explained the federal courts lack authority to direct state courts or their judicial officers in their performance of their duties, or offer appellate review of a state court action.

As to any federal constitutional claim, the district court judge generally pointed out judges and other court officials enjoy absolute immunity from claims arising from performance of their judicial or quasi-judicial functions, and that the offices of the court itself and the clerk of court are similarly not entities amenable to suit. The district court also dismissed the claim against the county as Mr. Coleman failed to allege any constitutional deprivation based on an official county policy or custom. In addition, he found Mr. Coleman's broad allegation of conspiracy by the county attorney and city attorney too conclusory to state a claim for relief under 42 U.S.C. § 1983. Finally, it determined Mr. Coleman's claim for damages against the City of Lansing, merely because it benefitted from the dismissal of Mr. Coleman's state civil complaint against it, was frivolous.

Mr. Coleman appeals the district court's dismissal, claiming: 1) the court clerk unconstitutionally denied him access to the court; 2) the court clerk should not enjoy absolute immunity because she refused to follow a court order; 3) the city can be held liable under § 1983 for actions depriving him of a constitutional

right; and 4) the defendants conspired to deny him access to the court. In addition, Mr. Coleman points out he moved for the state judge's dismissal as a defendant in the district court action based on that judge's order to issue a summons.[4]

We review *de novo* an order dismissing a prisoner's § 1983 complaint for failure to state a claim under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii). *See McBride v. Deer,* 240 F.3d 1287, 1289 (10th Cir. 2001). On appeal, this court construes *pro se* pleadings liberally, applying a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). "In determining whether dismissal is proper, we must accept the allegations of the complaint as true and ... construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* While we must construe the complaint

---

[4] Mr. Coleman is referring to his motion to amend his complaint, in which he asked the federal district court to "delete" the county district court judge as a defendant. The district court granted the motion and dismissed the complaint as amended.

in the light most favorable to the plaintiff, we will not accept conclusory allegations on the legal effect of the events set out if they do not reasonably follow from the description of those events or if the allegations are contradicted by the plaintiff's other allegations or descriptions. *See E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1306 (10th Cir. 2001); *Landmark Land Co. of Okla., v. Buchanan*, 874 F.2d 717, 722 (10th Cir. 1989), *abrogated on other grounds*. Lastly, we may affirm a district court's dismissal on any grounds supported by the record. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1182 (10th Cir. 2002), *cert. denied*, 123 S. Ct. 1908 (2003).

With these standards in mind, we have reviewed the pleadings, Mr. Coleman's brief and amended brief, the record on appeal, and the district court's decision, considering them in light of the applicable law. The district court issued a comprehensive and well-reasoned decision. For the purposes of judicial economy, we will not repeat its discussion of the applicable law or reasoning in dismissing Mr. Coleman's Amended Complaint for failure to state a cause of action, other then to articulate additional reasoning concerning the dismissal against the court clerk.

We note the district court relied on other circuit law in generally

concluding the clerk of court enjoys absolute immunity even if she erred in not implementing the court's directive. *See Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (holding issuance of warrant by clerk was a judicial act entitled to absolute immunity); *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (holding clerk who allegedly impeded access to the court by intentionally delaying filing of complaint for several months and lying about its whereabouts, is protected by judicial immunity for actions committed in connection with such tasks.)

In order to understand the immunity afforded a clerk of court, it is first necessary to examine the immunity afforded judges. It is well established in this circuit that a judge is absolutely immune from civil liability for judicial acts, unless committed in clear absence of all jurisdiction, and the same immunity continues even if "flawed by the commission of grave procedural errors." *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (quotation marks and citation omitted). Moreover, judges are "absolutely immune regardless of their motive or good faith," *Smith v. Losee*, 485 F.2d 334, 342 (10th Cir. 1973) (citing *Doe v. McMillan*, 412 U.S. 306, 319 (1973), "even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 553 (1967). We have extended the same immunity to judicial officers where

performance of a judicial act is involved or their duties have an integral relationship with the judicial process. *See Whitesel*, 222 F.3d at 867; *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002), *cert. denied*, 123 S. Ct. 1797 (2003). Applying this standard, we have held a court clerk enjoys absolute quasi-judicial immunity when he or she performs a "judicial act," such as entry of a default judgment. *See Lundahl*, 296 F.3d at 939. While we have held court clerks are generally entitled to such immunity, we also have held it is necessary "to weigh the nature of the activity involved and the need for unfettered exercise of discretion against the individual interest in protection under § 1983." *Henriksen v. Bentley*, 644 F.2d 852, 855-56 (10th Cir. 1981). The doctrine of absolute immunity ensures judges and judicial officers perform their duties vigorously and without fear of time-consuming, costly, "vindictive or ill-founded damage suits brought on account of action taken in the exercise of their official responsibilities." *See Smith v. Losee*, 485 F.2d at 341 (quotation marks and citation omitted).

In this case, Mr. Coleman claims the court clerk did not perform a "judicial act," because she disobeyed a judge's instructions to issue summons and also failed to enter in the case docket Mr. Coleman's service of the summons on the defendants. While a clerk's disregard of a court's order or instructions cannot be

condoned, a clerk's duties with respect to the issuance of a summons nevertheless involve a judicial act, or one having an integral relationship with the judicial process, which must be afforded the defense of immunity. This is because, practically speaking, a clerk must have unfettered discretion to review a complaint or other pleadings supporting the issuance of a summons to determine whether the requisite filing requirements have been met and a summons should issue. In such a case, the defense of judicial immunity should generally apply, regardless of procedural error, motive or good faith. *See Whitesel*, 222 F.3d at 867; *Smith v. Losee*, 485 F.2d at 342; *Lundahl*, 296 F.3d at 939.

To hold otherwise would have a chilling effect on the judicial duties and actions of the clerk, who would be readily subject to suit in the course of performing his or her duties in determining whether a summons should issue. *See Smith v. Losee*, 485 F.2d at 340-41. Our reasoning follows other circuit court decisions. *See Smith v. Erickson*, 884 F.2d at 1111 (concluding clerk's duties in filing documents was an integral part of the judicial process, so the clerk's delayed filing of the complaint and lies about its whereabouts, was protected by judicial immunity); *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (determining bankruptcy clerks enjoyed absolute quasi-judicial immunity for refusing to accept an amended complaint, as their actions related to

an integral part of the judicial process); *Eades v. Sterlinske*, 810 F.2d 723, 726 (7th Cir. 1987) (holding judge's clerk, who prepared a false certificate and altered the docket, was exercising discretion and performing duties integrally related to the judicial process, which afforded her the defense of absolute immunity.).[5]

As to the clerk's alleged failure to enter Mr. Coleman's service on the defendants in the docket, it is unclear if Mr. Coleman followed the requirements for service, including those for service by mail. Again, the clerk of court has discretion to determine if service was properly made, which is an exercise of a duty with an integral relationship with the judicial process, and therefore, must be afforded the defense of immunity.

Alternatively, even if the clerk's actions in this case relieved her of the defense of quasi-judicial immunity, Mr. Coleman's amended complaint is insufficient to state a cause of action. This is because Mr. Coleman's allegation

---

[5] Admittedly, at least one circuit has taken a different approach, determining a court clerk who disobeys a court order, or exceeds his or her statutory authority by failing to file papers, loses the defense of absolute immunity based on the failure to discharge a mandatory, nondiscretionary duty. *See McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972) (holding clerk who impeded filing of prisoner's post-conviction papers was not entitled to absolute immunity for mandatory, ministerial act). We are not, however, bound by this decision, nor the limited analysis therein.

the court clerk disobeyed the judge's order is directly contradicted by, or does not follow from, his other allegations or description of events. *See E.F.W.*, 264 F.3d at 1306; *Landmark*, 874 F.2d at 722. Specifically, Mr. Coleman alleges the court clerk disobeyed a judge's alleged order to issue summons for service on the defendants, but he also alleges that because of the clerk's failure to issue the summons, the same judge dismissed the action for failure to serve the defendants. If in fact the judge ordered the clerk to issue a summons for service on the defendants and the order was disobeyed, it does not follow he would later dismiss the case based on Mr. Coleman's failure to obtain a summons for service on the defendants. Moreover, Mr. Coleman claims he obtained filed-stamped summons initialed by a court clerk, and the judge also appears to have dismissed the case because of Mr. Coleman's failure to appear and prosecute his case. Based on these circumstances, it appears other reasons beyond the clerk of court's conduct in failing to issue a summons or make a docket entry, resulted in dismissal of Mr. Coleman's action and the injury he now claims. Accordingly, Mr. Coleman's allegations against the court clerk are insufficient to state a cause of action.

As to dismissal of the claim against the city as frivolous, "[t]he test of legal frivolity is whether a plaintiff can make a rational argument on the law and facts in support of his claims." *Wiggins v. New Mexico State Supreme Court Clerk*,

-12-

665 F.2d 812, 815 (10th Cir. 1981). In this case, it is not clear whether the district court dismissed the claim under 28 U.S.C. § 1915(e) or § 1915A, or both. We review for an abuse of discretion a district court's § 1915(e) dismissal for frivolousness, *see McWilliams v. Colorado*, 121 F.3d 573, 575 (10th Cir. 1997), but have not determined whether a dismissal under 28 U.S.C. § 1915A for frivolousness is reviewed *de novo* or for an abuse of discretion. *See Plunk v. Givens*, 234 F.3d 1128, 1130 (10th Cir. 2000). Nevertheless, in applying either standard in this case, we come to the same conclusion. We agree with the district court on the same grounds articulated in its decision that the claim is legally frivolous.

Accordingly, we **AFFIRM** the district court's decision for substantially the same reasons articulated in the district court's September 12, 2003 Order, and other reasons discussed herein. In so doing, we grant Mr. Coleman's request for an "Amended Brief to Be Incorporated With Appellant's Opening Brief," which we considered in rendering this decision. We note the district court granted Mr. Coleman's request to proceed on appeal *in forma pauperis*. We nevertheless remind Mr. Coleman of his obligation to continue making partial payments of the

appellate filing fee pursuant to 28 U.S.C. § 1915(b) until the entire fee is paid.[6]

The district court's dismissal of Mr. Coleman's amended complaint counts as a

strike for the purposes of 28 U.S.C. § 1915(g). *See Jennings v. Natrona County*

*Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999). The mandate shall

issue forthwith.

        **Entered by the Court:**

        **WADE BRORBY**
        United States Circuit Judge

---

[6] Mr. Coleman should be fully aware of his continuing obligation to make payments, given his previous unsuccessful appeal to this court and our instruction for him to continue his payment obligation in that case until entire payment of the appellate filing fee. *See Coleman,* 2000 WL 1475778 at *2.