F I L E D
United States Court of Appeals
Tenth Circuit

JUN 29 2004

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALVIS CLINTON HIGGINS; BRENDA
HAMPTON-HIGGINS,

      Plaintiffs-Appellants,

v.

CITY OF TULSA, OKLAHOMA, a municipality;
TULSA COUNTY, a State entity held liable for its
agents, assignees, attorneys, successors, and all
parties who acquiesced in the civil rights violations
complained of; CHRIS WITT, in his official and
personal capacities; SHELLY WHEELER, also
known as Shelly Leland, sued in her official and
personal capacities; KILA BERGDORF, sued in her
official and personal capacities; STEPHEN
SEWELL, sued in his official and personal
capacities; LEISA WEINTRAUB, sued in her
official and personal capacities; MICHELLE
KEELY, sued in her official and personal capacities;
TIM HARRIS, sued in his official and personal
capacities; OKLAHOMA DEPARTMENT OF
HUMAN SERVICES, sued as: The Oklahoma
Department of Human Services, Division of Child
Services and Welfare Division, an agency for the
State of Oklahoma and or as a municipality acting on
behalf of the State of Oklahoma. All of the above
individuals are sued in their personal capacities as
the first instanter and subsequently sued in their
official capacities; ERIC JOHNSTON, sued in his
personal capacity; DANIELLE BISHOP, sued in her
personal capacity; JOHN DOE or JANE DOE, sued
in his or her personal capacity,

      Defendants-Appellees.

No. 03-5193

(D.C. No. CV-03-380-H(M))
(N.D. Oklahoma)

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, **McKAY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs Alvis Higgins and Brenda Hampton-Higgins (husband and wife),[1] proceeding pro se, appeal the district court's dismissal of their amended complaint. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm in part and reverse in part and remand.

Plaintiffs' claims relate to Mr. Higgins' conviction of two counts of lewd molestation and one count of sexual battery. His appeal from those convictions is

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Although only Alvis Higgins signed the notice of appeal, we consider Brenda Hampton-Higgins a proper appellant. Federal Rule of Appellate Procedure 3(c)(2) permits a pro se appellant to sign a notice of appeal on behalf of himself and his spouse and minor children if they were parties to the underlying action. The notice of appeal indicates that Alvis Higgins intended to sign on behalf of himself and Brenda Hampton-Higgins.

pending in the Oklahoma Court of Criminal Appeals. Plaintiffs' amended complaint invokes 42 U.S.C. § 1983 and various constitutional provisions, including the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Plaintiffs allege Mr. Higgins was charged, arrested, tried, and convicted in direct violation of the Constitution. Plaintiffs allege defendants conspired to fabricate incriminating evidence and to conceal exculpatory evidence in order to convict Mr. Higgins. They assert that some defendants were directly involved in the conspiracy while others failed to properly supervise those involved. Plaintiffs also allege the state prosecutors knowingly allowed perjured testimony at trial. In addition to the § 1983 claim, the amended complaint seems to include at least two pendent state claims – intentional infliction of emotional distress and loss of consortium. These claims rest on the same factual predicate as the § 1983 claim. Plaintiffs sought actual and punitive damages and declaratory relief.

The district court sua sponte dismissed the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The court concluded (1) the amended complaint did not state any independent constitutional claim on behalf of Mrs. Higgins; (2) the Oklahoma Department of Human Services and its employees were entitled to Eleventh Amendment immunity; (3) the state prosecutors were entitled to absolute prosecutorial immunity; and (4) the § 1983 claim was barred by Heck v. Humphrey, 512 U.S. 477 (1994). The district court declined to retain jurisdiction over the pendent state claims.

A Rule 12(b)(6) dismissal is reviewed de novo. McDonald v. Kinder-Morgan, Inc., 287 F.3d 992, 997 (10th Cir. 2002). We accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiffs. Id. A dismissal pursuant to Rule 12(b)(6) will be affirmed "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." Id. (internal quotation omitted).

When a state prisoner seeks damages in a § 1983 action, the district court must consider whether a judgment in favor of plaintiff necessarily would imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate the conviction or sentence already has been invalidated. Heck, 512 U.S. at 487. In an effort to avoid the restrictions of Heck, plaintiffs argue their allegations of government misconduct relate only to the rape charge, for which Mr. Higgins was acquitted. However, any reasonable reading of the amended complaint implies the invalidity of Mr. Higgins' state convictions. According to the amended complaint, defendants prosecuted Mr. Higgins in a single trial for rape, lewd molestation, and sexual battery, and the gist of the amended complaint is that the pretrial and trial process was fraught with government misconduct. Further, plaintiffs have asserted that defendants' alleged misconduct led to Mr Higgins' convictions and sentence.

> The actions and inactions of the defendants violated the rights of the
> Plaintiffs, . . . and so unfairly prejudiced the trial, that the jury was
> predisposed to finding 'some' guilt of the herein named plaintiff. . . . After
> seven hours of deliberation, Higgins received the maximum possible

4

sentence for the charges on which he was convicted.

ROA, Doc. 4 at 13. Because Mr. Higgins' convictions have not been reversed or otherwise invalidated, such a § 1983 claim is barred by Heck.

Further, like the district court, we conclude the amended complaint fails to state any independent constitutional claim on behalf of Mrs. Higgins. On appeal, plaintiffs argue the amended complaint alleges that defendants deprived Mrs. Higgins of property without due process.[2] However, there is no allegation in the amended complaint that any defendant was involved in depriving Mrs. Higgins of property or, for that matter, that any defendant took any action against Mrs. Higgins. Because plaintiffs have failed to state any cognizable federal claim, the district court acted within its discretion in dismissing the pendent state claims. See 28 U.S.C. § 1367(c)(3) (providing "district court may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

The question remaining is whether it was appropriate for the district court to dismiss the claims against certain defendants *with* prejudice. The district court dismissed the state defendants with prejudice, concluding they were entitled to Eleventh Amendment immunity, and dismissed the county prosecutors with prejudice, concluding they were entitled to absolute prosecutorial immunity.

---

[2] Specifically, plaintiffs contend that Mrs. Higgins was forced to "empty her bank account of substantial finances and borrow money to pay for her husband's defense attorney." Aplt. Br. at 15.

Although a dismissal under Rule 12(b)(6) for failure to state a claim is generally *with* prejudice, when a § 1983 claim is dismissed under Heck, the dismissal is *without* prejudice. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1212 (10th Cir. 2003). "If the plaintiff is later successful in overturning his conviction, he is allowed to bring his § 1983 action at that time." Id. On appeal, plaintiffs argue the district court erred procedurally by raising these affirmative defenses sua sponte and erred substantively by concluding defendants were entitled to such immunity. Defendants contend dismissal pursuant to Heck was appropriate and do not address the immunity questions. Applying immunity doctrines to this case would present a number of difficult issues, which we believe are better addressed when and if Mr. Higgins is able to demonstrate his state convictions have been reversed or otherwise invalidated. Therefore, we conclude dismissal of this case should be *without* prejudice pursuant to Heck.

We address a final issue for purposes of clarification. Defendants contend the district court dismissed plaintiffs' amended complaint pursuant to 28 U.S.C. § 1915A of the Prison Litigation Reform Act and not pursuant to Rule 12(b)(6). We disagree. The court expressly dismissed the case "pursuant to Fed. R. Civ. P. 12(b)(6)," ROA, Doc. 7 at 8, and did not refer to § 1915A. Plaintiffs argue the district court lacked jurisdiction to dismiss their amended complaint pursuant to Rule 12(b)(6) in the absence of a defense motion. However, a district court may dismiss sua sponte a complaint under Rule 12(b)(6) "when it is 'patently obvious' that the plaintiff could not prevail on the facts

alleged, and allowing him an opportunity to amend his complaint would be futile." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991) (internal quotation omitted). Because Mr. Higgins' § 1983 claim is barred by <u>Heck</u>, it is "patently obvious" that plaintiffs could not prevail and allowing them an opportunity to amend would be futile. In any event, we would reach the same conclusion if we reviewed the case under § 1915A.. <u>See</u> <u>Medina v. City & County of Denver</u>, 960 F.2d 1493, 1495 n.1 (10th Cir. 1992) (stating appellate court free to affirm district court on any grounds supported by record).

The judgment of the district court is AFFIRMED IN PART and REVERSED IN PART and REMANDED with instructions to the district court to amend its ruling to reflect a dismissal of the § 1983 claim without prejudice pursuant to <u>Heck</u>.

Entered for the Court

Mary Beck Briscoe
Circuit Judge