F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT LEE WYMORE,

Plaintiff-Appellant,

v.

LEROY GREEN, JR., County Sheriff,
Kansas City, Kansas and KATHLEEN
M. COLLINS, District Court Clerk,
Kansas City, Kansas,

Defendants-Appellees.

No. 06-3395

(District of Kansas)

(D.C. No. 06-CV-3057-SAC)

**ORDER AND JUDGMENT***

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

Robert Lee Wymore appeals from the district court's dismissal of his 42

U.S.C. § 1983 claim against various defendants who allegedly violated his

constitutional rights while he was incarcerated in Wyandotte County, Kansas.  He

---

*After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  This case is
therefore submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

claims that the appellees allowed him to be extradited to Louisiana without proper documentation, detained him without taking him to see a district judge or magistrate, and refused to docket his court filings. We review *de novo* the district court's dismissal for failure to state a claim, *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001), and affirm the district court's judgment.

## I.

In September 2002, Mr. Wymore was incarcerated in a Louisiana state prison. As his parole eligibility date approached, he applied for permission to be paroled to Kansas City, Kansas, to live with his wife. In doing so, he signed a document entitled "Probation and Parole Application for Compact Services and Agreement to Return," wherein he agreed to "comply with the conditions of probation or parole as fixed by both the State[] of Louisiana and the receiving state," and to "return at any time to the State of Louisiana" when "duly instructed by the authorities." R. Doc. 10, Ex. 1. Mr. Wymore also "waive[d] extradition to the State of Louisiana from any jurisdiction in or outside of the United States where [he] may be found and also agree[d] that [he would] not contest any effort by any jurisdiction to return [him] to the State of Louisiana." *Id.* The Louisiana authorities approved Mr. Wymore's application and paroled him to Kansas.

In January 2005, Mr. Wymore and his then-wife had an argument during which he allegedly made threats of violence against her. She responded by filing a motion for a protective order in Wyandotte County District Court; he filed a

counter-petition against her. Because the allegations against him, if true, would constitute a violation of Mr. Wymore's parole, the Kansas Department of Corrections issued an arrest warrant on January 28, 2005. He was arrested that same day and held in the Wyandotte County Detention Center on the parole violation charge and an earlier, unrelated moving-violation charge.

Within the following week, Mr. Wymore made two court appearances. The first occurred on January 31, 2005, when Mr. Wymore appeared in the Kansas City, Kansas, Municipal Court for a hearing on his moving violation charge. The court released him on bond, and the matter was set for trial in February 2005; later, however, that charge was dismissed. The second court appearance occurred on February 2, 2005, when Mr. Wymore attended a hearing on his wife's protective-order petition in the Wyandotte County District Court. This hearing ended with the court entering an order protecting then-Mrs. Wymore from abuse.

Six days after this second court appearance, the Kansas Department of Corrections sent Mr. Wymore a Statement of Charges/Notice of Preliminary Hearing relating to his alleged parole violation. He attended a preliminary hearing on February 17, 2005, which concluded in a finding of probable cause to believe that Mr. Wymore violated the conditions of his parole. Later that same day, the Louisiana Department of Public Safety and Corrections issued a warrant for Mr. Wymore's retaking and arrest for violating his Louisiana parole. Mr. Wymore remained in KDOC custody until April 19, 2005, when he was taken by

an officer stationed at the Elayn Hunt Correctional Facility in St. Gabriel, Louisiana, for return to that state.

Mr. Wymore did not idly pass his days in the Wyandotte County Detention Center before he was extradited. From February 3 to April 11, 2005, he made approximately twenty requests to detention center authorities for legal materials. These requests—for legal reference materials, case citations, contact information, writing materials, and copies—were all granted. He used these materials to file a lawsuit under 42 U.S.C. § 1983 against (1) Sheriff Leroy Green, Jr., of Wyandotte County, for allegedly violating his constitutional rights by incarcerating him for 85 days without taking him before a magistrate judge or district court judge, and by allowing him to be transported from Kansas to Louisiana without a proper extradition request or warrant; (2) the director of the Inter-state Corrections Compact for the State of Kansas, for allegedly acquiescing in Mr. Wymore's illegal confinement and extradition; (3) Kathleen Collins, the Clerk of the Wyandotte County District Court, for allegedly denying Mr. Wymore access to the court; and (4) the director of the Prisoner Transportation Services of America, for allegedly illegally transporting Mr. Wymore to Louisiana.

The district court ordered Sheriff Green to file a *Martinez* report responding to Mr. Wymore's allegations. *See Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978) (holding that courts may order prison officials to investigate allegations in a prisoner's complaint and to file a report summarizing

-4-

the findings). After receiving and reviewing the report, the district court dismissed Mr. Wymore's claims against Sheriff Green and the two unnamed Directors under 28 U.S.C. § 1915(e)(2)(B)(ii), holding that Mr. Wymore waived his right to formal extradition proceedings when he applied to be paroled in Kansas. The court found "no evidence of a violation of due process or equal protection, nor . . . any factual or legal support for [Mr. Wymore's] claim of illegal confinement." R. Doc. 13, at 6. The district court also dismissed Mr. Wymore's claim against Ms. Collins, holding that she was entitled to absolute quasi-judicial immunity for allegedly failing to file Mr. Wymore's court documents.

## II.

Mr. Wymore raises three arguments on appeal, the first and third of which relate to the dismissal of his claims that he was illegally extradited. Because Mr. Wymore proceeds *pro se*, we liberally construe his pleadings, *see Freeman v. Watkins*, 479 F.3d 1257, 1259 (10th Cir. 2007), as arguing both that his extradition was illegal, the same claim he pursued in the district court, and that the extradition waiver he signed as a condition of being paroled to Kansas is void because he was coerced into signing it. *See* Appellant's Br. 3–8, 13–14.

Mr. Wymore did not raise the latter claim—that his extradition waiver is void—before the district court. Though we liberally construe *pro se* pleadings, our precedent requires us to eschew "a new theory that falls under the same

general category as an argument presented [before the district court] or . . . a theory that was discussed in a vague and ambiguous way." *Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1280–81 (10th Cir. 2003) (alteration in original) (internal quotation marks omitted). Accordingly, we apply here the rule that "[a]n issue is waived if it was not raised below in the district court," *Wilburn*, 343 F.3d at 1280, and hold that Mr. Wymore has waived his claim that he was coerced into signing his application to be paroled in Kansas.

Because Mr. Wymore's out-of-state parole application and accompanying extradition waiver is valid, we see no reason to disturb the district court's ruling. Mr. Wymore "waive[d] extradition to the State of Louisiana from any jurisdiction in or outside of the United States where [he] may be found and also agree[d] that [he would] not contest any effort by any jurisdiction to return [him] to the State of Louisiana." R. Doc. 10, Ex. 1. By so doing, he forfeited the statutory protections he sought to invoke in the district court and continues to press on appeal.

Mr. Wymore's remaining claim on appeal is equally unavailing. He asks us to reverse the district court's grant of absolute quasi-judicial immunity to Ms. Collins, the state court clerk, for allegedly refusing to file Mr. Wymore's court documents. The district court based its ruling on our unpublished opinion in *Coleman v. Farnsworth*, 90 F. App'x 313 (10th Cir. 2004), where we held that

> a [court] clerk must have unfettered discretion to review a complaint or other pleadings supporting the issuance of a summons to determine whether the requisite filing requirements have been met and a summons should issue. In such a case, the defense of judicial immunity should generally apply, regardless of procedural error, motive or good faith.
>
> To hold otherwise would have a chilling effect on the judicial duties and actions of the clerk, who would be readily subject to suit in the course of performing his or her duties in determining whether a summons should issue.

*Id.* at 317 (citing *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002);

*Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000); *Smith v. Losee*,

485 F.2d 334, 342 (10th Cir. 1973)).

We agree that *Coleman*, and the published precedent upon which it relies,

apply here. Thus, even assuming Ms. Collins violated Mr. Wymore's

constitutional rights, Ms. Collins is entitled to absolute quasi-judicial immunity

because her actions were "judicial act[s] . . . having an integral relationship with

the judicial process." *Id.*

### III.

The judgment of the United States District Court for the District of Kansas

is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge