**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 1, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

KEVIN D. LOGGINS, SR.,

     Plaintiff - Appellant,

v.

REBECCA L. PILSHAW, District Court Judge, Sedgwick County District Court; DIANA NICHOLS, Court Reporter, Sedgwick County District Court; DAVID KAUFMAN, Assistant District Attorney, Sedgwick County District Attorney Office; LOU ANN HALE, Court Reporter, Sedgwick County District Court; ERIC R. YOST, District Court Judge, Sedgwick County District Court; J. PATRICK WALTER, District Court Judge, Sedgwick County District Court; ANTHONY J. POWELL, JR., District Court Judge, Sedgwick County District Court; PAUL W. CLARK, District Court Judge, Sedgwick County District Court; JAMES R. FLEETWOOD, Chief Judge, Sedgwick County District Court; HENRY W. GREEN, Judge, Kansas Court of Appeals; (FNU) LEWIS, Judge, Kansas Court of Appeals; JOHN J. BUKATY, District Court Judge; MELISSA T. STRANDRIDGE, Judge, Kansas Court of Appeals; STEPHEN D. HILL, Judge, Kansas Court of Appeals; PATRICK D. MCANANY, Judge, Kansas Court of Appeals; (FNU) BRAZIL, Retired Judge, Kansas Court of Appeals; G. GORDON ATCHESON, Judge, Kansas Court of Appeals; THOMAS MALONE, Judge, Kansas Court of Appeals; (FNU) ELLIOTT, Judge, Kansas Court of

No. 20-3007
(D.C. No. 5:18-CV-03254-DDC)
(D. Kan.)

Appeals; (FNU) WAHL, Judge, Kansas Court of Appeals; (FNU) GREENE, Judge, Kansas Court of Appeals; MICHAEL B. BUSER, Judge, Kansas Court of Appeals; STEVEN A. LEBEN, Judge, Kansas Court of Appeals; KATHRYN A. GARDNER, Judge, Kansas Court of Appeals; BERNADINE LAMBRERAS, Clerk of the Court, Sedgwick County District Court; LAURA KELLY, Governor, State of Kansas; DAVID M. UNRUH, Sedgwick County Commissioner; TIM R. NORTON, Sedgwick County Commissioner; KARL PETERJOHN, Sedgwick County Commissioner; RICHARD RANZAU, Sedgwick County Commissioner; RICHARD A. EUSON, Sedgwick County Counselor; JEFF EASTER, Sedgwick County Sheriff; ROGER WERHOLTZ, Interim Secretary of Corrections, Kansas Department of Corrections; DOUGLAS SHIMA, Clerk of the Court, Kansas Court of Appeals; WARREN WILBERT, District Court Judge, Sedgwick County District Court; SAM CROW, U.S. District Court Judge, State of Kansas; DALE SAFFELS, former U.S. District Court Judge, State of Kansas; RICHARD D. ROGERS, U.S. District Court Judge, State of Kansas,

    Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Kevin D. Loggins Sr., a Kansas prisoner proceeding *pro se*, appeals from the district court's dismissal of his claims brought under 42 U.S.C. § 1983 and the court's denial of various motions. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     BACKGROUND & PROCEDURAL HISTORY

Loggins is a prisoner in the custody of the Kansas Department of Corrections (KDOC). He was sentenced in 1996 to a prison term of 678 months "based on his Kansas state convictions for aggravated robbery, aggravated kidnaping, aggravated burglary, aggravated sexual battery, and criminal possession of a firearm," all arising out of "two residential armed robberies in 1995." *Loggins v. Hannigan*, 45 F. App'x 846, 848 (10th Cir. 2002).

In September 2018, Loggins filed suit under 42 U.S.C. § 1983, raising claims related to that conviction. His core allegations are as follows: Sedgwick County (Kansas) District Judge Rebecca L. Pilshaw, who presided over his prosecution, "abandon[ed] her color as a neutral, detached and impartial adjudicator and became an advocate and partisan for the prosecutor[']s case," R. vol. 1 at 9, when she added a charge of aggravated sexual battery to the criminal complaint, despite the prosecution "declin[ing]" to add such a charge on its own, *id*. A different judge arraigned him later that day on the new charge, although the amended criminal complaint had not

3

yet been filed and Loggins was not present for that arraignment. After trial, Judge Pilshaw and her court reporter "sploitated" (*i.e.*, spoliated) the record to conceal Judge Pilshaw's advocacy, and the "sploitated portion of the record was not made available" to Loggins until 2003. *Id.* at 17. Also, the court reporter for the arraignment never produced her transcripts, despite certifying to the Kansas Court of Appeals that she had.

Based on these accusations, Loggins sued Judge Pilshaw, the two court reporters, the Sedgwick County clerk of court, the assistant district attorney who prosecuted him, the county sheriff who delivered him into KDOC custody, the secretary of KDOC, the clerk of the Kansas Court of Appeals, the governor of Kansas, and apparently every state and federal judge who worked on his direct appeal, postconviction motions, postconviction appeals, and federal habeas proceedings. Loggins claims that all these defendants participated in or acted upon "void judgments" against him, given "the structu[r]al defect in the case [apparently referring to Judge Pilshaw's alleged bias, as evidenced by her *sua sponte* insertion of the sexual battery charge] and the trial court[']s failure to properly invoke the court[']s jurisdiction [referring to his arraignment *in absentia* on a not-yet-filed amended complaint]." *Id.* at 18. He also sued the Sedgwick County commissioners and county attorney, alleging they participated in creating a policy that led to "destruction of the documents which could establish that plaintiff's rights [were] violated." *Id.* at 14. He did not elaborate on the nature of these documents or the circumstances of their destruction.

4

Loggins claimed violations of his Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendment rights, and the Kansas Bill of Rights. He requested monetary damages from various defendants, "injunctive relief . . . to release [him] from the false imprisonment," and a declaration that his convictions are "nullities." *Id*. at 25.

Acting under 28 U.S.C. § 1915A(a), the district court screened Loggins's amended complaint and dismissed the case on the following grounds:

- Loggins cannot seek release from confinement—a habeas remedy— through a § 1983 action;

- most of the defendants are protected by immunity: the Eleventh Amendment bars relief to the extent Loggins seeks damages from a state official in his or her official capacity; judicial immunity bars relief against the federal and state judges named as defendants; prosecutorial immunity bars relief against the assistant district attorney who prosecuted him; and quasi-judicial immunity bars relief against the sheriff who transported him to KDOC custody, and against the KDOC secretary;

- Loggins cannot seek damages for his allegedly unlawful imprisonment without first invalidating his sentence through other means (such as habeas).

In light of the dismissal on these grounds, the court denied Loggins's motions for summary and default judgment as moot. It also denied his motion to change venue, a motion for a temporary restraining order and preliminary injunction, a motion for

hearing, a motion to recuse the district judge, and various motions seeking the status of his case.

## II.    ANALYSIS

### A.    Screening Disposition (28 U.S.C. § 1915A)

#### 1.    Legal Standards

Section 1915A requires the federal district courts to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court is to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. § 1915A(b).

We review de novo a § 1915A dismissal for failure to state a claim. *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). This court has never stated an explicit standard for reviewing § 1915A dismissals based on immunity. Outside the § 1915A context, however, we review de novo a district court's determination regarding each of the immunities at issue here. *See Arbogast v. Kan., Dep't of Labor*, 789 F.3d 1174, 1181 (10th Cir. 2015) (Eleventh Amendment); *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1153 (10th Cir. 2011) (judicial); *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006) (prosecutorial and quasi-judicial). We see no reason to do otherwise in the § 1915A context.

## 2. Application

The district court's first ground for dismissal was the rule of *Preiser v. Rodriguez*: "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus," 411 U.S. 475, 500 (1973). The ruling was correct. *Preiser* forecloses Loggins's § 1983 claims seeking an injunction ordering his release from prison and a declaratory judgment that his convictions were nullities. *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005); *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994).

The district court's other two grounds for dismissal disposed of the claims for damages. The court ruled that most of the defendants are protected from liability by Eleventh Amendment, judicial, prosecutorial, or quasi-judicial immunity. Only one argument by Loggins against this ruling merits a response. He contends that the district court should not have raised these issues under § 1915A because immunities are affirmative defenses. But even if immunities are affirmative defenses and district courts should not ordinarily dismiss a complaint based on an affirmative defense, § 1915A states that "the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] . . . seeks monetary relief from a defendant who is *immune* from such relief." 28 U.S.C. § 1915A(b)(2) (emphasis added). This fairly recent statutory provision overrides any contrary rule under the Federal Rules of Civil Procedure. *See Autoskill v. Nat'l Educ. Support Sys.*, 994 F.2d 1476, 1485 (10th Cir. 1993),

7

*overruled on other grounds* by *TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495, 496–97 (10th Cir. 2011).  Thus, the district court properly raised and ruled on the issues of Eleventh Amendment, judicial, prosecutorial, and quasi-judicial immunity.  *See, e.g.*, *Payton*, 2020 WL 6058589, at *2 (affirming § 1915A dismissal on judicial, prosecutorial, and Eleventh Amendment immunity grounds); *Coleman v. Farnsworth*, 90 F. App'x 313, 317–18 (10th Cir. 2004) (affirming § 1915A dismissal on quasi-judicial immunity grounds).

Although not every defendant was held to be immune from liability by the district court, the court's third ground for dismissal does apply to them all.  Under *Heck v. Humphrey*, "[if] a [§ 1983] judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . , the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated," 512 U.S. 477, 487 (1994).

This rule obviously applies but, as with the immunity issue, Loggins argues that the *Heck* issue is an affirmative defense that the district court should not have raised *sua sponte*.  We disagree.  Rather than creating an affirmative defense, *Heck* adds an element to the claim.  As the Supreme Court explained:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, *a § 1983 plaintiff must prove* that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages

8

> bearing that relationship to a conviction or sentence that has *not* been so invalidated *is not cognizable* under § 1983.

*Heck*, 512 U.S. at 486–87 (additional emphasis added; footnote omitted). We have accordingly recognized that "a plaintiff *c[an]not bring a civil-rights claim* for damages under § 1983 based on actions whose unlawfulness would render an existing criminal conviction invalid." *Havens v. Johnson*, 783 F.3d 776, 782 (10th Cir. 2015) (emphasis added). *See, e.g.*, *Payton v. Ballinger*, No. 20-3101, ___ F. App'x ___, 2020 WL 6058589, at *2 (10th Cir. Oct. 14, 2020) (analyzing § 1915A *Heck* dismissal under failure-to-state-a-claim rubric); *cf. Higgins v. City of Tulsa*, 103 F. App'x 648, 652 (10th Cir. 2004) (affirming a *sua sponte* dismissal under Fed. R. Civ. P. 12(b)(6) when the *Heck* infirmity was "patently obvious" (internal quotation marks omitted)). Since all the damages sought by Loggins are based on actions by defendants that allegedly caused his convictions or prevented the convictions from being set aside, the district court properly applied *Heck* to dismiss his claims.

In sum, we see no error in the district court's § 1915A disposition.

## B.    Recusal

Loggins also challenges the district judge's denial of his motion to recuse. "We . . . review a district court's denial of a motion to recuse or disqualify a judge for abuse of discretion." *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1308 (10th Cir. 2015). Loggins's argument for recusal rests on his belief that the district judge showed bias by raising affirmative defenses on defendants' behalf. But his rulings are not evidence of bias. *See, e.g.*, *Liteky v. United States*, 510 U.S. 540, 555

9

(1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) ("[A]dverse rulings cannot in themselves form the appropriate grounds for disqualification." (internal quotation marks omitted)). And in any event, as we have just explained, the judge ruled appropriately. He did not abuse his discretion when he denied Loggins's motion to recuse.

## C.      Other Motions

Finally, Loggins challenges the district court's denial of his summary-judgment motion, default-judgment motion, motion for TRO and preliminary injunction, and motion to change venue. Our affirmance of the district court's § 1915A dismissal moots these issues, so we need not address them.

## III.   CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Harris L Hartz
Circuit Judge

10